STATE OF NEBRASKA, APPELLEE, V. JEANETTE DIVIS, APPELLANT.
589 N.W. 2d 537

Filed February 26, 1999.    No. S-98-746.

William G. Line for appellant.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

On June 25, 1998, the district court for Dodge County affirmed the judgment and sentence entered by the county court against Jeanette Divis on the charge of driving under the influence (DUI), first offense. Divis appeals. On appeal, Divis claims that Neb. Rev. Stat. § 60-6,196(8) (Reissue 1993) is unconstitutional. We conclude that § 60-6,196(8) is constitutional. We affirm the decision of the district court.

## STATEMENT OF FACTS

Divis was arrested on December 18, 1997, in Fremont, Nebraska, and charged with DUI, first offense. Following her arrest, Divis moved to quash the charge, alleging that § 60-6,196 was unconstitutional. The focus of Divis' claim of unconstitutionality is subsection (8). Section 60-6,196(8) provides generally that the sentencing court shall direct that an alcohol assessment be conducted of a defendant convicted of DUI, first offense, or of a person convicted of DUI who has not previously been evaluated. The county court denied Divis' motion and entered a not guilty plea on Divis' behalf. Thereafter, based on stipulated facts, the trial court found Divis guilty of the charge. In accordance with § 60-6,196(8), Divis was given a presentence evaluation and an alcohol assessment. Upon the completion of the evaluation, Divis was sentenced to probation for 6 months, with additional conditions not relevant to this appeal.

Divis appealed the county court judgment and sentence, alleging that § 60-6,196(8) violated the separation of powers clause of Neb. Const. art. II, § 1. Following a hearing, the district court found the statute in question constitutional and affirmed the county court's decision. This appeal followed.

## ASSIGNMENT OF ERROR

Divis assigns one error. She claims that the lower courts erred in not finding § 60-6,196(8) to be in violation of Neb. Const. art. II, § 1, the distribution of powers clause.

Whether a statute is constitutional is a question of law, with respect to which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). The party challenging the constitutionality of a statute bears the burden to " 'clearly establish[]' " the unconstitutionality of a statutory provision. *State v. Schmailzl*, 243 Neb. 734, 736, 502 N.W.2d 463, 465 (1993), quoting *Weiner v. State ex rel. Real Estate Comm.*, 217 Neb. 372, 348 N.W.2d 879 (1984). Statutes are presumed to be constitutional, and all reasonable doubts will be resolved in favor of constitutionality. *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994). A penal statute must be construed so as to meet constitutional requirements, if such a construction can be reasonably accomplished. *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996).

## ANALYSIS

On appeal, Divis has assigned only one error, that is, the claim that § 60-6,196(8) on its face violates the separation of powers clause, Neb. Const. art. II, § 1. Divis' brief, however, raises additional errors regarding the severability of the statute and whether the statute properly required that Divis request the alcohol assessment. Pursuant to our rules, "consideration of the case will be limited to errors assigned and discussed." Neb. Ct. R. of Prac. 9D(1)d (rev. 1996). See, also, *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995); *Ashby v. First Data Resources*, 242 Neb. 529, 497 N.W.2d 330 (1993). We, therefore, do not address Divis' additional unassigned claims. For the sake of completeness, we note that by our decision below finding § 60-6,196(8) constitutional, Divis' severability argument, had it been properly raised, would be moot.

Divis challenges the constitutionality of § 60-6,196(8) on its face. Section 60-6,196(8) provides, in pertinent part, as follows:

Any person who has been convicted of driving while intoxicated for the first time or any person convicted of driving while intoxicated who has never been assessed for alcohol abuse shall, during a presentence evaluation, sub-

mit to and participate in an alcohol assessment. . . . At the time of sentencing, the judge, having reviewed the assessment results, may then order the convicted person to follow through on the alcohol assessment results . . . in lieu of or in addition to any penalties deemed necessary.

For a claim of unconstitutionality based on the face of a statute to succeed, the party challenging the statute must show that the law impinges on some fundamental constitutional right or that the law creates a suspect classification. *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992). "If the . . . law implicates neither fundamental rights nor suspect classifications, it must be upheld unless it bears no rational relationship to a legitimate government interest." *Id.* at 383, 488 N.W.2d at 538. See, also, *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (holding that facial challenge to legislative act is most difficult challenge to mount successfully, because challenger must establish that no set of circumstances exists under which act would be valid).

The gravamen of Divis' complaint is that § 60-6,196(8) violates the separation of powers clause, evidently because it authorizes a sentencing court in its discretion to disregard certain statutory penalties previously established by the Nebraska Legislature for individuals convicted of DUI and, instead, "having reviewed the assessment results, [the court] may then order the convicted person to follow through on the alcohol assessment results . . . in lieu of or in addition to" other statutory penalties. § 60-6,196(8).

The crime of DUI, first offense, of which Divis stands convicted, is a Class W misdemeanor. See Neb. Rev. Stat. § 28-106(1) (Reissue 1995). The statutory penalties prescribed therefor prior to and following enactment of the alcohol-evaluation-related provisions in question are or were found in §§ 28-106 and 60-6,196 and Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1992). To summarize, taken together, these statutory provisions, not set forth here, provide or provided penalties for individuals convicted of DUI, first offense, of, variously, imprisonment, a monetary fine, and driver's license revocation. §§ 28-106(1), 39-669.07(2)(a), and 60-6,196(2)(a). Although we recognize that § 60-6,196(8) applies to any person convicted

of DUI who has never been assessed for alcohol abuse in addition to persons convicted of DUI, first offense, for purposes of our analysis and based upon the facts of this case, we comment directly only on the penalties pertaining to DUI, first offense, which are applicable to Divis. We note, however, that our reasoning upholding the constitutionality of § 60-6,196(8) would be the same with regard to penalties applicable to offenders convicted of DUI who have never been assessed.

The essence of Divis' argument is that once the Legislature has established a sentencing scheme for a class of crime, it cannot thereafter constitutionally add alternative sentences to be imposed at the court's discretion to the penalty provisions already applicable to that crime. Divis' constitutionality argument is without merit.

The separation of powers clause is contained in Neb. Const. art. II, § 1. It provides:

> The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.

We have observed that the separation of powers clause "prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits." *State v. Philipps*, 246 Neb. 610, 614, 521 N.W.2d 913, 916 (1994). See *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992).

Divis bases her separation of powers argument on our decision in *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996). Her reliance thereon is misplaced. In *Bainbridge*, we determined that a statute empowering the trial court to reduce a previously imposed driver's license revocation sentence invaded the domain of the Board of Pardons, a board in the executive branch, to which the commutation power had been entrusted pursuant to Neb. Const. art. IV, § 13. The statute in *Bainbridge* was unconstitutional as a violation of the separation of powers clause because it impermissibly authorized the invasion by one

branch of government of the authority constitutionally granted to another branch of government.

Divis observes that § 60-6,196(8) permits a sentencing court, at the time that the initial sentence is imposed, to ignore the penalty provisions of §§ 60-6,196(2)(a) through (c) and 28-106(1) in favor of following the alcohol-assessment recommendations. Divis notes that under the provisions of § 60-6,196(8), the sentencing court has discretion not to impose the statutory penalties previously created by the Legislature applicable to DUI, first offense. Divis is correct in this assessment of the effect of § 60-6,196(8). In contrast to the impermissible statute's effect in *Bainbridge*, however, § 60-6,196(8) does not grant a power to the judicial branch that it did not already have, nor does § 60-6,196(8) grant a power to the judicial branch that it is constitutionally prohibited from exercising. Instead, the Legislature has simply provided a penalty in § 60-6,196(8) that can be imposed by the sentencing court, in a case of DUI, first offense, and certain other DUI convictions, in lieu of or in addition to those penalties already in existence.

Divis' argument is premised on the incorrect notion that the Legislature cannot declare a range of criminal penalties to be applied by the judicial branch and thereafter amend the penalty scheme. On the contrary, the Legislature is empowered to define crimes and their penalties. It is well settled that the defining of a criminal act is purely a legislative function. We have recently stated: "[U]nder Nebraska law all crimes are statutory and no act is criminal unless the Legislature has in express terms declared it to be so." *State v. Burlison*, 255 Neb. 190, 194, 583 N.W.2d 31, 35 (1998). We have also held that the Legislature is that governmental body "empowered to define a crime." *Id.* at 195, 583 N.W.2d at 35. See, also, *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989), *overruled on other grounds, State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994).

Similarly, the Legislature has the authority to fix the penalty range which can be imposed for the crimes it has defined. The Legislature determines the nature of the penalty imposed, and so long as that determination is consistent with the Constitution, it will not be disturbed by the courts on review. In this regard, in *State v. Tucker*, 183 Neb. 577, 579, 162 N.W.2d 774, 776 (1968),

quoting *State ex rel. Nelson v. Smith*, 114 Neb. 653, 209 N.W. 328 (1926), we observed: " 'The legislature is clothed with the power of defining crimes and misdemeanors and fixing their punishment; and its discretion in this respect, exercised within constitutional limits, is not subject to review by the courts.' " See *State v. Tatreau*, 176 Neb. 381, 126 N.W.2d 157 (1964).

We have previously stated: "The range of the penalty for any offense is a matter for legislative determination. The court exercises its discretion as to the penalty to be applied under any particular state of facts within the range provided by the law." *Id.* at 392, 126 N.W.2d at 163. Thus, once the Legislature has defined the crime and the corresponding punishment for a violation of the crime, the responsibility of the judicial branch is to apply those punishments according to the nature and range established by the Legislature.

When enacting legislation, the Nebraska Legislature is presumed to know, and thus to have considered, all previous legislation on a subject. *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994); *School Dist. No. 17 and Westside Comm. Schools v. State*, 210 Neb. 762, 316 N.W.2d 767 (1982). The legislative history of § 60-6,196(8) bears out this presumption.

Section 60-6,196(8) resulted from an amendment to 1992 Neb. Laws, L.B. 291, a bill revising Nebraska's DUI statutes. During debate on the amendment, the Legislature specifically acknowledged the existing statutory scheme for punishing DUI offenses. See Floor Debate, 92d Leg., 2d Sess. 12733, 12742, 12746 (Apr. 7, 1992). The penalties were then found in §§ 28-106(1) (Reissue 1989) and 39-669.07 (Cum. Supp. 1990). The Nebraska Rules of the Road provisions in chapter 39 have since been renumbered and transferred into chapter 60, with no effect for purposes of our analysis. See *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995). The Legislature's clear intent was to allow the sentencing courts to impose the alternative penalties provided for under § 60-6,196(8), with the objective of treatment rather than punishment "in lieu of or in addition to any penalties deemed necessary," which penalties were extant. Floor Debate, 92d Leg., 2d Sess. 12733 (Apr. 7, 1992).

It is the role of the court, to the extent possible, to give effect to the entire language of the statute, and to reconcile different

provisions of the statute, "so they are consistent, harmonious, and sensible." *Van Patten v. City of Omaha*, 167 Neb. 741, 751, 94 N.W.2d 664, 670 (1959). When considering a statute's meaning, it is appropriate for the court to consider "the evil and mischief attempted to be remedied, the objects sought to be accomplished, the scope of the remedy [to which] its terms apply, and [to] give [the statute] such an interpretation as appears best calculated to effectuate the design of the . . . legislative provisions." *E. K. Buck Retail Stores v. Harkert*, 157 Neb. 867, 872-73, 62 N.W.2d 288, 294 (1954).

In the instant case, § 60-6,196(8) is harmonious with other sentencing provisions relating to DUI. The statute does not impinge on some fundamental constitutional right or create a suspect classification. There was no improper delegation by the Legislature in placing sentencing alternatives for persons convicted of DUI, first offense, and for persons convicted of DUI who have not been assessed for alcohol abuse, within the judicial branch in general and at the discretion of the sentencing court in particular. Divis' claim that § 60-6,196(8) is unconstitutional is without merit. Accordingly, we affirm.

AFFIRMED.