STATE OF NEBRASKA, APPELLEE, V.
JOSEPH J. KANARICK, APPELLANT.
598 N.W. 2d 430

Filed July 23, 1999. No. S-98-1082.

David E. Veath for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Joseph J. Kanarick was convicted in the county court for Dawes County of refusal to submit to a preliminary breath test and refusal to submit to a chemical test, and was sentenced accordingly. The district court affirmed the convictions and sentences. Kanarick appeals. On appeal, Kanarick claims that Neb. Rev. Stat. § 60-6,197(10) (Cum. Supp. 1996) is unconstitutional. We conclude that Kanarick waived any and all facial constitutional challenges to the statute, and we affirm the judgment of the district court.

## STATEMENT OF FACTS

The county court trial was conducted on a stipulated set of facts, from which we derive the following statement of facts: At approximately 1:45 a.m. on August 28, 1997, a Nebraska State Patrol trooper observed a vehicle driving on Main Street in Chadron, Nebraska. The vehicle "stopped long" at an intersection, blocking the crosswalk. After the light turned green, the vehicle proceeded south and was observed swerving in the roadway. The trooper stopped the vehicle, and the driver identified himself as Kanarick. The trooper smelled alcohol on Kanarick and observed that Kanarick's eyes were red and that he was speaking slowly. Kanarick admitted that he had consumed "six beers or so on the golf course." Kanarick failed three field sobriety tests administered to him by the trooper and when asked for

his date of birth responded, "I have no idea." Kanarick refused to submit to a preliminary breath test. Kanarick was arrested.

After his arrest, the trooper read the postarrest chemical test advisement to Kanarick from form "DMV-01-01/revised 2/96." Pursuant to this form, Kanarick was advised as follows:

> You are under arrest for operating or being in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs. Pursuant to law, I am requiring you to submit to a chemical test or tests of your blood, breath, or urine to determine the concentration of alcohol or drugs in your blood, breath, or urine.
>
> Refusal to submit to such test or tests is a separate crime for which you may be charged.
>
> I have the authority to direct whether the test or tests shall be of your breath, blood or urine, and may direct that more than one test be given.

The trooper directed Kanarick to take a blood test, and Kanarick refused. Thereafter, Kanarick was transported to the Dawes County jail, booked, and released.

A review of the record shows that on September 17, 1997, the State initially filed a three-count complaint against Kanarick. Count I alleged Kanarick was guilty of driving under the influence, see Neb. Rev. Stat. § 60-6,196 (Reissue 1993); count II alleged Kanarick refused to submit to a preliminary breath test, see § 60-6,197(3); and count III alleged Kanarick refused to submit to a chemical test, see § 60-6,197(2). Kanarick entered a plea of not guilty to all counts on December 3. Count I was dropped by the State at trial.

At some point in the county court proceedings, Kanarick evidently made an oral motion to suppress his statements to the trooper and, in the absence of such evidence, a motion to dismiss for lack of evidence. In this regard, we note that the clerk's certificate of May 6, 1998, issued by the county court clerk in connection with the transmission of the record from county court to district court, states that the transcript does not contain Kanarick's motion to suppress and that "[a]fter a diligent search of this case file, the Defendant's Motion to Suppress is not part of the case file. After conferring with David E. Veath [Kanarick's counsel] and Judge James Hansen it appears that

this Motion to Suppress may have been an oral motion." We further note that the record does not contain a motion to quash or a demurrer.

A hearing on Kanarick's motion to suppress in county court was conducted on March 4, 1998, following which the motion was denied. At the hearing, Kanarick's counsel argued, inter alia, that form DMV-01-01/revised 2/96 did not provide Kanarick with adequate notice of the criminal and administrative consequences of refusing to take a chemical test and that § 60-6,197(10) was unconstitutional. Section 60-6,197(10) provides: "Any person who is required to submit to a chemical blood, breath, or urine test or tests pursuant to this section shall be advised that refusal to submit to such test or tests is a separate crime for which the person may be charged." As noted, the motion to suppress was denied.

The case was tried to the county court on April 8, 1998, on stipulated facts. By agreement of the parties, the State amended its complaint against Kanarick, dismissing count I and amending counts II and III by interlineation. At trial, Kanarick reasserted his oral motion to suppress. The motion was again denied, and Kanarick was found guilty of the allegations contained in counts II and III of the amended complaint. Thereafter, Kanarick was sentenced to pay a $100 fine on count II and to 1 year's probation on count III.

Kanarick appealed to the district court. Kanarick's statement of errors cited, inter alia, the county court's denial of his motion to suppress as a basis for appeal. The district court, sitting as an appellate court, conducted a hearing on September 1, 1998, at which Kanarick challenged, inter alia, the constitutionality of § 60-6,197(10). Following the hearing, the district court affirmed the county court's judgment in all respects. This appeal followed.

## ASSIGNMENT OF ERROR

On appeal, Kanarick has assigned three errors which can be summarized as one. Kanarick claims that the district court erred in affirming the county court's judgment which denied Kanarick's motion to suppress and concluded that § 60-6,197(10) is not unconstitutional.

## STANDARD OF REVIEW

■ Whether a statute is constitutional is a question of law, with respect to which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *State v. Divis*, 256 Neb. 328, 589 N.W.2d 537 (1999).

## ANALYSIS

■ In the proceedings at trial in county court and again on appeal in district court, through the vehicle of his motion to suppress, Kanarick sought both to exclude his statements to the trooper and to have § 60-6,197(10) declared unconstitutional. A challenge to a statute, asserting that no valid application of the statute exists because it is unconstitutional on its face, is a facial challenge. *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). This court has repeatedly held that in order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash or a demurrer. See, e.g., *id.*; *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996); *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996); *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980). See, also, Neb. Rev. Stat. §§ 29-1808, 29-1810, and 29-1812 (Reissue 1995). We have further stated: "All defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue." *State v. Roucka*, 253 Neb. at 889, 573 N.W.2d at 421. Indeed, once a defendant has entered a plea, the defendant waives all facial constitutional challenges to a statute unless that defendant asks leave of the court to withdraw the plea and thereafter files a motion to quash. *Id.* In the instant case, Kanarick did not file a motion to quash or a demurrer, he entered a plea of not guilty on December 3, 1997, and he did not subsequent thereto seek leave to withdraw his plea.

■ In this case, Kanarick purported to challenge the constitutionality of § 60-6,197(10) in the context of his motion to suppress. A motion to suppress, which merely seeks the exclusion of certain evidence, may not be used as a substitute for a motion to quash, which has as its objective the dismissal of the entire proceedings.

The distinction between a motion to quash and a motion to suppress is not mere form over substance. The filing of a motion

to quash clearly notifies the State that the defendant's challenge is to the propriety of the entire proceedings. The statutes so provide. Pursuant to § 29-1808, "[a] motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." Pursuant to Neb. Rev. Stat. § 29-1807 (Reissue 1995), "[t]he accused may except to an indictment by (1) a motion to quash, (2) a plea in abatement, or (3) a demurrer." Under the cases cited above and the statutes, the failure to properly challenge the proceedings and the entry of a plea result in a waiver of the purported defect. Specifically, we note that under § 29-1812, "[t]he accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue."

In contrast to a motion to quash, a motion to suppress seeks to exclude certain evidence from being presented at trial. See Neb. Rev. Stat. §§ 29-115 (Cum. Supp. 1998) and 29-822 (Reissue 1995). In this regard, we have observed that it is "beyond question that a motion to suppress is the appropriate remedy to exclude evidence which has been obtained through" a flawed process. *State v. Utterback*, 240 Neb. 981, 985, 485 N.W.2d 760, 766 (1992), *overruled on other grounds, State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999). Under §§ 29-115 and 29-822, a motion to suppress must be made in writing with certain statutory exceptions not relevant here. See, also, *State v. Donald*, 199 Neb. 70, 256 N.W.2d 107 (1977). The record in this case indicates that the motion to suppress was not made in writing. Most importantly, a motion to suppress does not challenge the validity of the entire proceedings. See, generally, 1 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 3.1(b) (1984); *State v. Utterback, supra.*

■ As noted above, our review is hampered by the absence from the record of any written motions relevant to this appeal. It is incumbent upon an appellant to supply a record which supports his or her appeal. *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 581 N.W.2d 405 (1998). The only indications we have of the matters raised at trial and the relief requested are the oral arguments presented to the county and district courts. To the

extent the record exists, it indicates that Kanarick has waived his constitutional challenge to § 60-6,197(10).

In his brief filed with this court, Kanarick relies on his motion to suppress as the basis upon which he brings his constitutional challenge. Consistent with his position that the constitutionality of § 60-6,197(10) was challenged in the context of his motion to suppress, Kanarick directs us to the following dialog at trial between the county court and counsel for Kanarick regarding Kanarick's purported constitutional objection.

MR. VEATH [defense counsel]: . . . I wish to object to these proceedings by reason of the Court's overruling the motion to suppress.

. . . .

. . . We are, therefore, objecting to this trial, objecting to this proceeding, and objecting to all facts in evidence, however, for the purpose of — I presume the Court would rule on that again and it has ruled in the motion to suppress, then the matter would be tried on the stipulated facts. I wish to preserve, for the record and for appeal, the issue of insufficient notice with regard to the refusal or taking of the chemical test.

THE COURT: Okay. Well, the objections will be overruled. The stipulated facts will be admitted.

. . . .

. . . Additionally, I assume, Mr. Veath, that you want to object — object to the statement of Mr. Kanarick saying no when he was asked if he would take a blood test?

MR. VEATH: Yes, Your Honor.

THE COURT: For the reason of the motion to suppress?

MR. VEATH: Yes, Your Honor.

■ From our review of the record, it is apparent that Kanarick raised his constitutional challenge to § 60-6,197(10) as an incident to his motion to suppress rather than as a motion to quash or other approved method for facially challenging the validity of a statute. A motion to suppress is not an appropriate procedure by which to bring a facial challenge to the constitutional validity of a statute, and because Kanarick entered a plea, Kanarick has waived any constitutional objections he may have had to the statute. Accordingly, we do not consider the merits of

Kanarick's constitutional challenge on appeal. See *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996).

## CONCLUSION

In this appeal, Kanarick claims that § 60-6,197(10) is invalid on its face. The proper procedure by which to raise a facial constitutional challenge is by either a motion to quash or a demurrer filed initially in the trial court. Kanarick filed neither a motion to quash nor a demurrer and entered a plea. Consequently, he has waived his constitutional objections to the statute. Accordingly, the judgment of the district court, affirming the convictions and the sentences of the county court, is affirmed.

AFFIRMED.