STATE OF NEBRASKA, APPELLEE, V.
CAROL HYNEK, APPELLANT.
640 N.W.2d 1

Filed March 1, 2002.   No. S-01-106.

William G. Line for appellant.

Don Stenberg, Attorney General, and Scott G. Gunem for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Carol Hynek was convicted in the Dodge County Court of driving under the influence of alcoholic liquor (DUI). Judgment was entered. Hynek appealed to the district court for Dodge County which noted plain error in the sentencing and remanded the case to the county court. On remand, the county court on October 31, 2000, resentenced Hynek to probation for a period of 6 months and directed her to follow the recommendations contained in a previously administered alcohol assessment and to pay associated costs. Hynek again appealed to the district court which affirmed the conviction and sentence of the county court. Hynek appeals the decision of the district court and challenges the constitutionality of Neb. Rev. Stat. § 60-6,196(8) (Supp. 1999) claiming that § 60-6,196(8) provides for excessive fines and disproportionate penalties. We reject Hynek's facial challenge and affirm the decision of the district court.

## STATEMENT OF FACTS

On March 22, 2000, the State filed a complaint against Hynek in county court charging her with DUI in violation of § 60-6,196. On May 9, Hynek filed a motion to quash the complaint. Hynek claimed that § 60-6,196(8) was in violation of various federal and state constitutional provisions including the state constitutional provision against excessive fines, article I, § 9, and the state constitutional provision that penalties must be proportionate to the offense, article I, § 15. On June 20, the county court denied Hynek's motion to quash and entered a plea of not guilty for Hynek. A bench trial was held June 23 on stipulated facts. Hynek was found guilty. Hynek was ordered to report to the probation office for a presentence evaluation and alcohol assessment. The alcohol assessment was completed and recommendations were issued by the counselor on July 7. Hynek was

sentenced on July 11 to 6 months' probation. With respect to treatment, the July 11 order required in general terms that Hynek follow treatment as directed by the probation officer.

Hynek appealed to the district court. The district court found plain error because the sentencing order did not set out the specific assessment recommendations Hynek would be required to successfully complete. On September 8, 2000, the district court vacated the sentence and remanded the case to the county court for further proceedings. On October 31, Hynek was again sentenced by the county court to 6 months' probation. The October 31 order, which gives rise to this appeal, stated that Hynek was to follow the recommendations set forth in the alcohol assessment dated July 7, 2000, which was prepared as part of the presentence evaluation. The assessment recommended outpatient chemical dependency treatment, including 12 individual sessions, 12 to 18 group therapy sessions, and 2 Alcoholics Anonymous meetings per week. The assessment further indicated that the cost of such treatment would be between $2,616 and $3,336 depending on the number of group therapy sessions attended.

Hynek again appealed to the district court. In her statement of errors to the district court, Hynek asserted that the county court erred in failing to sustain her motion to quash and repeated her argument that § 60-6,196(8) was in violation of various constitutional provisions including article I, §§ 9 and 15, of the Nebraska Constitution. She also asserted that the county court erred in "[i]mposing an excessive penalty in requiring [her] to complete the recommendations of the recommended treatment at the approximate cost of $3,036 [sic] which is a penalty grossly disproportionate to the nature of the offense . . . ." The appeal was heard in district court on December 4, 2000. On January 9, 2001, the district court affirmed the conviction and sentence of the county court. Hynek appeals the order of the district court and has filed a notice of constitutional challenge to § 60-6,196(8). On appeal to this court, Hynek limits her constitutional challenge to the state constitutional provisions found at article I, §§ 9 and 15.

## ASSIGNMENTS OF ERROR

Hynek asserts that the district court erred in failing to find § 60-6,196(8) in violation of Neb. Const. art. I, §§ 9 and 15.

## STANDARDS OF REVIEW

■ Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Hansen*, 258 Neb. 752, 605 N.W.2d 461 (2000).

■ Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court. *State v. Taylor*, 262 Neb. 639, 634 N.W.2d 744 (2001).

## ANALYSIS

We first note that the arguments presented by Hynek regarding the constitutionality of § 60-6,196(8) were posed in *State v. Hansen*, 259 Neb. 764, 612 N.W.2d 477 (2000). In *Hansen*, however, we concluded that such issues were not ripe for appellate review because at the time of the defendant's sentencing, she had not yet been assessed for alcohol abuse or been ordered to follow through on any alcohol assessment recommendations. In *Hansen*, the county court ordered, as part of the sentencing, that the defendant submit to a substance abuse evaluation and follow the treatment recommendations as directed by her probation officer. We concluded in *Hansen* that because the sentencing order did not specify what treatment the defendant would be directed to undergo or the costs she might incur, we could not determine whether her sentence constituted a disproportionate penalty or other purported constitutional violation. We further concluded in *Hansen* that given the language of § 60-6,196(8), it was plain error for the county court to order an alcohol assessment and to direct compliance with the treatment recommendations as part of the sentencing order without the court's prior approval of the specific recommendations. Instead, we noted that § 60-6,196(8) requires the court to order an alcohol assessment to be completed prior to sentencing and to review the alcohol assessment results prior to sentencing in order to aid in an effective sentencing decision of whether to order the defendant to follow through on the specific treatment recommendations.

The present case does not suffer the same procedural defects as *Hansen*. In this case, following remand, the county court ordered an alcohol assessment to be completed as part of the presentence

evaluation and the assessment results were presented to the county court prior to sentencing. The county court's sentencing order on remand, dated October 31, 2000, which gives rise to this appeal, used language which specified that Hynek was ordered to follow the recommendations contained in the alcohol assessment which had been completed prior to sentencing and to pay the costs associated with treatment. Because the probation sentencing order in the present case refers to the alcohol assessment, which specifies what treatment Hynek was directed to undergo, including the costs of such treatment, the constitutional issues raised by Hynek, if otherwise properly presented, are properly before this court. In this regard, we note that Hynek filed a motion to quash challenging the constitutionality of § 60-6,196(8) prior to entering her plea, thus preserving the constitutional issue in this case. Compare *State v. Kubin, ante* p. 58, 638 N.W.2d 236 (2002).

Hynek challenges the constitutionality of § 60-6,196(8). Section 60-6,196(8) provides as follows:

> Any person who has been convicted of driving while intoxicated shall, during a presentence evaluation, submit to and participate in an alcohol assessment. The alcohol assessment shall be paid for by the person convicted of driving while intoxicated. At the time of sentencing, the judge, having reviewed the assessment results, may then order the convicted person to follow through on the alcohol assessment results at the convicted person's expense in lieu of or in addition to any penalties deemed necessary.

Hynek argues that § 60-6,196(8) violates Neb. Const. art. I, § 9, which provides that no "excessive fines [shall be] imposed," and art. I, § 15, which provides that "[a]ll penalties shall be proportioned to the nature of the offense . . . ." Hynek asserts generally that the statute provides no limit on the punishment that may be imposed by a sentencing judge who may order a convicted person to follow through on the alcohol assessment recommendations at the convicted person's expense. Hynek specifically claims that the statute is unconstitutional because it gives the courts discretion to impose any amount of monetary punishment in the form of costs for treatment without providing any dollar limits to ensure the courts do not impose excessive fines or disproportionate penalties.

The burden to clearly demonstrate that a statute is unconstitutional rests upon the party making the claim of unconstitutionality. *State v. Divis*, 256 Neb. 328, 589 N.W.2d 537 (1999); *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000). A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. *State v. Divis, supra*. In affording a presumption of constitutionality to legislative enactments, we, while construing penal statutes strictly, nonetheless give them a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987).

A challenge to a statute, asserting that no valid application of the statute exists because it is unconstitutional on its face, is a facial challenge. In order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash. *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999). A motion to quash is not appropriate when attacking the constitutionality of a statute as applied. *State v. Kelley*, 249 Neb. 99, 541 N.W.2d 645 (1996).

Hynek has raised a facial challenge to the validity of § 60-6,196(8). She raised the issue in a motion to quash filed prior to her plea, conviction, and sentencing at a time when she did not know what, if any, treatment recommendations she would be ordered to follow or what, if any, expense would be associated with such treatment. On appeal, Hynek does not argue that the treatment, the cost of treatment, or the probation specifically imposed upon her constitute excessive fines or penalties not proportionate to the offense. Instead, she makes a facial challenge that by allowing a judge to order a defendant to follow a treatment program at the defendant's expense, § 60-6,196(8) gives a court "unlimited discretion" to impose a monetary or financial punishment "without any maximum limit." Brief for appellant at 5. Hynek's challenge is a facial challenge to § 60-6,196(8), and her argument is essentially that there is no valid application of the portion of § 60-6,196(8)

which permits the sentencing judge to order the convicted person to pay the expense of treatment.

Hynek argues that § 60-6,196(8) provides "no range, other than infinity," brief for appellant at 6, for the amount of expense a convicted person may be required to bear and that such expense would constitute an "excessive fine" or a "penalty" not in proportion to the nature of the offense. In response, the State argues that the provisions of § 60-6,196(8) pertaining to the expenses of treatment which are challenged by Hynek impose neither a "fine" nor a "penalty," and that therefore, Hynek's constitutional claims based on article I, §§ 9 and 15, are without merit. We agree with the State.

Hynek challenges the portion of § 60-6,196(8) which provides that the sentencing judge may "order the convicted person to follow through on the alcohol assessment results at the convicted person's expense . . . ." We have previously observed that the Legislature's clear intent in passing § 60-6,196(8) was to provide for treatment " 'in lieu of or in addition to any penalties deemed necessary' " and that thus, treatment is an alternative to or in addition to penalties imposed by the sentencing judge. *State v. Divis*, 256 Neb. 328, 334, 589 N.W.2d 537, 541 (1999). We stated in *Divis* that the legislative intent was to allow such imposition "with the objective of treatment rather than punishment." *Id.*

We are obliged to give § 60-6,196(8) a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987). Reading § 60-6,196(8) in a sensible fashion, the reference to "expense" in § 60-6,196(8) pertains to the "follow through on the alcohol assessment," and, thus, the "expense" in § 60-6,196(8) is incurred by the convicted person to cover the cost of treatment and is ultimately payable to the treatment provider. Rather than a punishment or penalty, the imposition of such cost is "compensatory in nature." See *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 856, 443 N.W.2d 566, 574 (1989).

■ The state constitutional provision against excessive fines is found at Neb. Const. art I, § 9. The Excessive Fines Clause is found in the Eighth Amendment to the U.S. Constitution. We conclude that the protection provided by the excessive fines

clause of the Nebraska Constitution is coextensive with that provided by the U.S. Constitution. The U.S. Supreme Court has held that "the Excessive Fines Clause was intended to limit only those fines directly imposed by, and payable to, the government." *Browning-Ferris Industries v. Kelco Disposal*, 492 U.S. 257, 268, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989). See, also, *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993). See, also, *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998). We similarly hold that the excessive fines clause in Neb. Const. art. I, § 9, is limited to those fines directly imposed by, and payable to, the State. In the instant case, the "expense" Hynek has been directed to pay is payable to the treatment provider, not to the State, and is not a fine and, a fortiori, not an excessive fine.

We note that Neb. Const. art. VII, § 5, provides that all "fines" and "penalties" shall be apportioned exclusively to the use and support of the common schools. The "expense" incurred under § 60-6,196(8) covers the cost of treatment, is not apportioned to the use of the common schools, and is not imposed on a convicted person as either a monetary "fine" or a monetary "penalty." Although not dispositive, the fact that the Legislature in § 60-6,196(8) did not direct that the moneys therein be apportioned to the schools indicates that it did not intend the "expense" of treatment to be a "fine" or "penalty." See, also, Black's Law Dictionary 647, 1153 (7th ed. 1999) (defining "fine" as "pecuniary criminal punishment or civil penalty payable to the public treasury" and defining "penalty" as "[p]unishment imposed on a wrongdoer, esp. in the form of [a] fine"). Compare *id.* at 598 (defining "expense" as "[a]n expenditure of money . . . to accomplish a result").

■ The provision in § 60-6,196(8) requiring the convicted person to pay the "expense" for the treatment which is a portion of the sentencing order is not intended to be a punishment, nor does it require a payment to the State. The challenged subsection provides for neither a "fine" nor a "penalty." Such "expense" is accordingly neither an "excessive fine" nor a "disproportionate penalty." Therefore, the provision that the convicted person pay the "expense" of the "follow through on the alcohol assessment" in § 60-6,196(8) does not on its face violate the constitutional

prohibitions against "excessive fines" under article I, § 9, or "disproportionate penalties" under article I, § 15.

## CONCLUSION

In this DUI case, Hynek made a facial constitutional challenge to the portion of § 60-6,196(8) which requires the convicted person to pay the "expense" of alcohol treatment. Hynek claimed that such cost is an "excessive fine" under article I, § 9, and a "disproportionate penalty" under article I, § 15. Because the "expense" in § 60-6,196(8) is neither a "fine" nor a "penalty," § 60-6,196(8) does not on its face violate either article I, § 9, or article I, § 15, as claimed by Hynek. We reject Hynek's constitutional challenge and affirm the decision of the district court which affirmed the conviction and sentence for DUI imposed by the county court.

AFFIRMED.