Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2016 12:10 PM CDT

State of Nebraska, appellee, v.
James R. Newcomer, appellant.

___ N.W.2d ___

Filed March 8, 2016.    No. A-15-790.

1. **Constitutional Law: Criminal Law.** The Excessive Fines Clause limits those fines directly imposed by, and payable to, the government, and provides that no excessive fines shall be imposed.

2. **Pleas: Waiver.** The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional.

3. **Constitutional Law: Criminal Law.** The Eighth Amendment to the U.S. Constitution and article I, section 9, of the Nebraska Constitution prohibit the imposition of excessive fines.

4. **____: ____.** The purpose of the Excessive Fines Clause is to limit the government's power to extract payments, whether in cash or in kind, as punishment for some offense.

5. **____: ____.** A criminal forfeiture is a form of monetary punishment no different, for Eighth Amendment purposes, than a traditional fine.

6. **____: ____.** In determining whether a fine is so excessive as to violate the Excessive Fines Clause, the test is whether the penalty is grossly disproportional to the gravity of the defendant's offense.

7. **Constitutional Law: Criminal Law: Proof.** The party claiming that a fine violates the Excessive Fines Clause must first make a prima facie showing of gross disproportionality, and if the claimant does so, the court then considers whether the disproportionality reaches such a level of excessiveness that the punishment is more criminal than the crime.

8. **Criminal Law.** The gravity of an offense can be considered more serious when the defendant has previously committed the same act.

9. **Sentences: Legislature.** Judgments about the appropriate punishment for an offense belong in the first instance to the Legislature.

10. **Criminal Law: Affidavits: Time.** A defendant in a criminal case must file an application to proceed in forma pauperis within 30 days after the entry of judgment, order, or sentence.

11. ____: ____: ____. The relevant date under Neb. Rev. Stat. § 29-2306 (Reissue 2008) is the date the defendant files the application to proceed in forma pauperis, not the date on which the court grants the application.

Appeal from the District Court for Sarpy County: David K. Arterburn, Judge. Affirmed.

Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Pirtle, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

James R. Newcomer appeals from his conviction in the district court of Sarpy County of forgery of a certificate of title. On appeal, he challenges the fine he received as part of his sentence and the rejection of his initial poverty affidavit attached to his motion to proceed in forma pauperis. Finding no merit to his claims, we affirm.

## BACKGROUND

Newcomer was initially charged with four counts of forgery of a certificate of title, a Class IV felony. Pursuant to a plea agreement with the State, Newcomer pled no contest to one count and the State dismissed the remaining three counts.

According to the factual basis provided by the State at the plea hearing, on November 3, 2014, police officers located three vehicles parked outside of Newcomer's residence, all of which had fictitious license plates. Newcomer admitted to the officers that the vehicles were his and that he had placed the

license plates on the vehicles. Through investigation, police determined that Newcomer had purchased 12 vehicles in 2014 and titled them under his own name, his girlfriend's name, and his two daughters' names. With respect to four of the vehicles, police confirmed that the bills of sale submitted to the Sarpy County Department of Motor Vehicles for title processing were forged. The true sales prices of the vehicles were $450, $500, $800, and $600.

The court accepted Newcomer's plea and found him guilty. On August 3, 2015, Newcomer received a sentence of 60 days in jail and a $10,000 fine.

On August 27, 2015, Newcomer filed a notice of appeal, a motion to proceed in forma pauperis, and a poverty affidavit. The court found that the poverty affidavit was insufficient and allowed Newcomer to submit a new affidavit which fully set forth his income and assets. Newcomer did so on September 1, and his motion to proceed in forma pauperis was granted 2 days later. His appeal is now before this court.

## ASSIGNMENTS OF ERROR

Newcomer assigns that the district court erred in imposing a grossly disproportionate fine for his crime and in denying his first poverty affidavit in support of his application to proceed in forma pauperis.

## ANALYSIS

*Excessive Fine.*

[1] Newcomer argues that the fine he received is excessive and grossly disproportionate to the crime, in violation of the Excessive Fines Clauses of the U.S. and Nebraska Constitutions. The Excessive Fines Clause limits those fines directly imposed by, and payable to, the government, and provides that no excessive fines shall be imposed. See, U.S. Const. amend. VIII; Neb. Const. art. I, § 9; *State v. Hynek*, 263 Neb. 310, 640 N.W.2d 1 (2002). By arguing that the fine imposed on him is excessive and unconstitutional, Newcomer is raising

an as-applied constitutional challenge. See *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012).

[2] The State recognizes that challenges to the constitutionality of a statute as applied to a defendant are properly preserved by a plea of not guilty and argues that because Newcomer pled no contest to the charge, this claim has been waived. See *id.* The State is correct that the voluntary entry of a guilty plea or a plea of no contest "waives every defense to a charge, whether the defense is procedural, statutory, or constitutional." See *State v. Albrecht*, 18 Neb. App. 402, 407, 790 N.W.2d 1, 6 (2010). But Newcomer's constitutional challenge is not a "defense to a charge"; rather, he now challenges the sentence he received, claiming that it violates the constitutional prohibition on excessive fines.

In *State v. Brand*, 219 Neb. 402, 363 N.W.2d 516 (1985), the defendant pled guilty to a sexual assault charge. On appeal, he argued that, as applied in his particular case, his sentence was so excessive that it violated the Cruel and Unusual Punishment Clauses of the U.S. and Nebraska Constitutions. The Supreme Court found that to the extent his argument could be directed to the claim that the statute is unconstitutional by its terms, such argument was waived. But the Supreme Court addressed the constitutionality of the sentence as applied to the defendant and determined that the sentence imposed passed constitutional muster.

Similarly here, Newcomer does not challenge the constitutionality of the statute allowing a $10,000 fine to be imposed for the conviction of forgery of a certificate of title. Instead, he claims that imposing a $10,000 fine *in this case* was so excessive as to be unconstitutional. This claim has not been waived by his no contest plea, and therefore, we will address its merits.

[3,4] Both the Eighth Amendment to the U.S. Constitution and article I, section 9, of the Nebraska Constitution prohibit the imposition of "excessive fines." The purpose of the Excessive Fines Clause is to limit "the government's power to

extract payments, whether in cash or in kind, 'as *punishment* for some offense.'" *Austin v. United States*, 509 U.S. 602, 609-10, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993).

[5] There is little case law interpreting the Excessive Fines Clause, particularly as it applies to criminal fines as opposed to forfeitures. However, the U.S. Supreme Court has determined that a criminal forfeiture is a form of monetary punishment no different, for Eighth Amendment purposes, than a traditional fine. See *Alexander v. United States*, 509 U.S. 544, 113 S. Ct. 2766, 125 L. Ed. 2d 441 (1993). Thus, criminal forfeiture cases are instructive on analyzing whether a fine is unconstitutionally excessive.

[6] In determining whether a fine is so excessive as to violate the Excessive Fines Clause, the test is whether the penalty is grossly disproportional to the gravity of the defendant's offense. See *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998).

[7] The U.S. Supreme Court has expressly declined to enunciate a test of gross disproportionality. See *Austin v. United States, supra*. But the Eighth Circuit applies a two-pronged approach that first requires the claimant to make a prima facie showing of gross disproportionality. *U.S. v. Dodge Caravan Grand SE/Sport Van*, 387 F.3d 758 (8th Cir. 2004). If the claimant can make this showing, the court then considers whether the disproportionality reaches such a level of excessiveness that the punishment is more criminal than the crime. *Id*.

[8] In the present case, Newcomer argues that his fine is excessive because it is disproportionate to the value of the vehicles at issue. There is no requirement that the fine be proportionate to the pecuniary value of the vehicles, however. Rather, the fine must be proportionate to the gravity of the offense. Newcomer was initially charged with four counts of forgery of a certificate of title before he agreed to plead no contest to one count. Thus, without the benefit of the plea agreement, Newcomer faced a total of $40,000 in fines. In

addition, as the district court noted at sentencing, this was not Newcomer's first time committing this offense, and he does so for the purpose of profit. Newcomer has an extensive history of vehicle-related charges, including two counts of forged title in 2001, for which he completed a diversion program, and four counts of forged title in 2005, for which he received a $250 fine on each count. The gravity of an offense can be considered more serious when the defendant has previously committed the same act. See *State v. Brand*, 219 Neb. 402, 363 N.W.2d 516 (1985).

[9] We further note that the U.S. Supreme Court has cautioned that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature." *United States v. Bajakajian*, 524 U.S. at 336. Forgery of a certificate of title is a Class IV felony, which carries a punishment of up to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. §§ 60-179 (Reissue 2010) and 28-105 (Cum. Supp. 2014). The Legislature chose to make the crime of forgery of a certificate of title a felony offense, punishable by a maximum fine of $10,000. Thus, although the fine imposed on Newcomer is the maximum allowed by statute, it falls within the statutory limits set by the Legislature.

When considering the gravity of the offense, including Newcomer's history, number of current offenses, and motivation for the crimes, we find that Newcomer has failed to make a prima facie showing that the fine is grossly disproportionate to the offense committed. Accordingly, the fine imposed does not constitute an unconstitutionally excessive fine.

*Poverty Affidavit.*

Out of an "abundance of caution," Newcomer also assigns that the district court erred in denying his initial poverty affidavit filed in support of his motion to appeal in forma pauperis. Brief for appellant at 9. We need not address this claim because the notice of appeal, application to proceed in forma pauperis, and poverty affidavit were filed timely.

[10,11] Under Neb. Rev. Stat. § 29-2306 (Reissue 2008), a defendant in a criminal case must file an application to proceed in forma pauperis within 30 days after the entry of judgment, order, or sentence. The relevant date under § 29-2306 is the date the defendant files the application, not the date on which the court grants the application. *State v. Harms*, 263 Neb. 814, 643 N.W.2d 359 (2002). Here, even though the district court rejected Newcomer's initial poverty affidavit, Newcomer filed a replacement affidavit within 30 days after the sentencing order was filed. Therefore, the requirements of § 29-2306 were satisfied, and this court has jurisdiction over the appeal.

## CONCLUSION

We find no merit to the arguments raised on appeal. We therefore affirm the conviction and sentence.

Affirmed.