STATE OF NEBRASKA, APPELLEE, V. ELMER JANSEN, APPELLANT.
486 N.W.2d 913

Filed July 31, 1992.   No. S-91-360.

William J. Klimisch, of Goetz, Hirsch & Klimisch, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Elmer Jansen appeals the affirmation of his Cedar County Court conviction and sentence for "allow[ing] the distribution and possession of alcoholic liquor by one or more of 42 minors, on property owned by him, knowingly permitting the possession of alcohol by minors to occur." Upon his conviction, Jansen was sentenced to 15 days in jail and fined $900.

We note first that much of the language in the charge contained in the complaint filed against Jansen is surplusage and does not constitute conduct prohibited by the statute under which the defendant was charged, see Neb. Rev. Stat. § 53-180 (Reissue 1988).

In relevant part, § 53-180 provides: "No person shall sell, give away, dispose of, exchange, or deliver, or *permit the sale, gift, or procuring of any alcoholic liquors, to or for any minor.*" (Emphasis supplied.)

It is a fundamental principle of statutory construction that

penal statutes are to be strictly construed, and it is not for the courts to supply missing words or sentences to make clear that which is indefinite, *or to supply that which is not there. State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992). There is no language in § 53-180 declaring that it is a crime for an individual to "allow" or to "permit" the *possession* of alcohol by minors to occur. Thus, language in the charge against Jansen accusing him of *allowing* or *permitting* one or more minors to possess alcohol is mere surplusage and cannot be the basis for convicting him of violating § 53-180.

We will, therefore, review the record to determine if there was sufficient evidence for a fact finder to find beyond a reasonable doubt that Jansen permitted the sale, gift, or procuring of any alcoholic liquors to or for any minor.

In his appeal, Jansen claims that (1) there was insufficient evidence to convict him and that (2) the trial court erred in refusing to suppress evidence used to convict him.

We agree with Jansen that the evidence was insufficient to prove beyond a reasonable doubt that he permitted the sale, gift, or procuring of alcoholic liquor to or for any minor, and we therefore need not discuss his second assignment of error. The judgment is reversed and the cause remanded to the district court for Cedar County with directions to remand it to the Cedar County Court with directions to vacate the conviction and sentence and to dismiss the complaint.

> In reviewing a criminal conviction, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and the verdict will be affirmed, in the absence of prejudicial error, if properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction.

*State v. Sassen*, 240 Neb. 773, 774, 484 N.W.2d 469, 470 (1992).

Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Vance*, 240 Neb. 794, 484 N.W.2d 453 (1992).

Taking the view most favorable to the State, the record reflects that at all relevant times, Jansen owned a farmstead in

Cedar County. The farmstead house was not occupied, and the other buildings were used for the storage of grain and machinery. Cattle were kept at the farmstead.

On May 23, 1990, a State Patrol trooper received an anonymous telephone call advising him that a "keg party" involving underage individuals was taking place in Cedar County. County and state law enforcement officers gathered and determined that the alleged keg party was being held at an unoccupied farmstead owned by Jansen.

About 1:05 p.m., law enforcement officers in two unmarked cars drove to the farm site. When the officers were an eighth to a quarter mile east of the farm site, they observed a large gathering of individuals at the farm site. When the officers reached the long lane from the county road to the unoccupied farmhouse, they saw five or six vehicles parked on the county road, and they also observed a pickup truck being driven from ·the county road into the farmstead. They further observed Jansen driving his pickup toward the county road from the farmstead. On the dashboard of Jansen's truck was a makeshift sign bearing the words "Not Responsible for Accidents" written in red ink. There was evidence of a similar sign propped up against the porch of the unoccupied farmhouse. Jansen denied that he had displayed any such signs.

Without prior permission from the owner of the farm, without observing any crimes being committed, and without obtaining a search warrant, the law enforcement officers entered the lane to the farmstead. When they were an eighth of a mile from the county road, the officers observed 42 individuals, all of whom were under the age of 21 years, and a keg of beer and other beer containers. No individual 21 years of age or older was present. The individuals present dropped beer cups and bottles and ran when they saw the law enforcement officers. The officers confiscated a 15-gallon keg of beer, together with a tap; a Fiberglas vessel that contained the keg; and over 50 cans of beer from various places around the farmstead, including the roof and the inside of the unoccupied farmhouse.

Jansen testified that the day before the party, he had taken cattle to the farmstead. He said he went to the farmstead about

12:30 or 1 p.m. on May 23, 1990, to check the cattle. He checked the cattle, saw the young people on his property, did not know them, and did not know they were going to be there. No one asked him if they could be there or if his farmstead could be used for a party. He testified he did not furnish the beer for the party. Jansen explained that he did not say anything to the youths because he did not live on the farmstead and that he was afraid if he turned people in to the police they would get mad and wreck his farmstead.

As a matter of law, there is insufficient evidence in the record for a finder of fact to find beyond a reasonable doubt that Jansen had any connection with the alcoholic beverages at the farmstead or that he sold, gave away, disposed of, exchanged, or delivered, or *permitted the sale, gift, or procuring of any alcoholic liquors, to or for any minor*.

In essence, the State would have a fact finder infer that Jansen became aware that underage individuals were in possession of or drinking alcoholic liquor on a farmstead owned by him and that he had a duty to prevent them from doing so. Section 53-180 does not make it a crime to permit the possession or consumption of alcohol by a minor. What it does is prohibit permitting *the sale, gift, or procuring of any alcoholic liquors, to or for any minor*. As a matter of law, there is insufficient evidence in the record to prove beyond a reasonable doubt that Jansen committed any of those acts. At most, one could infer that Jansen became aware that minors had possession of beer and were drinking it on property he owned and that he walked away from it. His actions do not constitute a violation of § 53-180 when that statute is strictly construed. His conviction and sentence must be vacated.

The judgment is reversed and the cause remanded to the district court for Cedar County with directions to remand the cause to the Cedar County Court with directions to vacate Elmer Jansen's conviction and sentence and to dismiss the State's complaint due to insufficient evidence.

REVERSED AND REMANDED WITH DIRECTIONS.