STATE OF NEBRASKA, APPELLEE, V. ED D. FEILING, APPELLANT.
585 N.W.2d 456

Filed October 23, 1998.   No. S-97-1342.

William G. Line for appellant.

Don Stenberg, Attorney General, Martin W. Swanson, and, on brief, Jay C. Hinsley for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The appellant, Ed D. Feiling, was charged with driving under the influence of alcohol (DUI) pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1993). Section 60-6,196(8) states that a person convicted of DUI "shall, during a presentence evaluation, submit to and participate in an alcohol assessment." Section 60-6,196(8) then provides that the sentencing judge may order the person to follow through on the assessment results "in lieu of or in addition to any penalties deemed necessary."

Feiling filed a pretrial motion to quash, contending that § 60-6,196(8) is facially unconstitutional because the penalty provisions of the statute (1) are vague, (2) deny equal protection under the state and federal Constitutions, (3) create unreasonable and irrational classifications, (4) permit judges to impose no penalty at all on persons convicted of violating the statute, (5) violate the separation of powers provisions of the Nebraska Constitution, and (6) permit judges to exercise the pardoning power reserved to the executive. The county court overruled Feiling's motion, stating that the court does not require a presentence investigation before placing a person on probation for first-offense DUI. The record does not contain a presentence evaluation and does not indicate that Feiling ever requested that such an evaluation be prepared.

The county court found Feiling guilty of DUI and ordered that he be placed on probation, pay a fine and costs, and have his driving privileges suspended for 60 days. Among other alleged errors, Feiling appealed to the district court the denial of his motion to quash. The district court affirmed the conviction, and Feiling perfected this appeal, which we removed to our docket on our own motion, pursuant to our authority to regulate the caseloads of the Nebraska Court of Appeals and this court.

## ASSIGNMENT OF ERROR

As his sole assignment of error, Feiling asserts that the lower courts erred in not finding that § 60-6,196(8) violated the distribution of powers clause of article II, § 1, of the Nebraska Constitution and provisions related to the pardoning power under article IV, § 13, of the Nebraska Constitution.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998); *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998).

In reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, a higher appellate court will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the higher appellate court. *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994).

## ANALYSIS

Our rules impose a specific notice requirement on parties seeking to challenge the constitutionality of a statute on appeal. Neb. Ct. R. of Prac. 9E (rev. 1996) provides:

> Cases Involving Constitutional Questions. A party presenting a case involving the federal or state constitutionality of a statute must file and serve *a separate written notice thereof with the Supreme Court Clerk at the time of filing such party's brief.* If the Attorney General is not already a party to an action where the constitutionality of the statute is in issue, a copy of the brief assigning unconstitutionality must be served on the Attorney General within 5 days of the filing of the brief with the Supreme Court Clerk; proof of such service shall be filed with the Supreme Court Clerk.

(Emphasis supplied.)

We have held that this rule is applicable to a criminal defendant challenging the constitutionality of the statute defining the offense with which she was charged. *State v. Kelley*, 249 Neb. 99, 541 N.W.2d 645 (1996). In *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994), the appellant's assignments of error included a claim that the statute defining the offense of burglary, of which he had been convicted, was unconstitutionally vague. The appellant did not file and serve the separate written notice required by rule 9E at the time he filed his open-

ing brief, but did so when he submitted his reply brief. We held that since the appellant "failed to strictly comply" with rule 9E, we would not consider his constitutional challenge. 246 Neb. at 699, 522 N.W.2d at 743. See, *Abdullah v. Gunter*, 242 Neb. 854, 497 N.W.2d 12 (1993); *State v. Melcher*, 240 Neb. 592, 483 N.W.2d 540 (1992).

The record in this case contains no separate written notice as required by rule 9E, and therefore we do not consider Feiling's contention that the lower courts erred in failing to hold § 60-6,196(8) unconstitutional. Since Feiling asserts no other assignments of error, the judgment of the district court is affirmed.

AFFIRMED.