REQUESTED BY: Annette L. Harmon, Executive Director, Nebraska Board of Public Accountancy
You have requested the opinion of this office with regard to the use of the name "CPA Advisory Services, L.L.C." by a Nebraska limited liability company. You inquire whether the company's use of the term CPA is a violation of Neb. Rev. Stat. § 1-152 (1997). After reviewing your request and the enclosed materials, it is our opinion that § 1-152 does not prohibit the use of the term CPA in these circumstances.
Section 1-152 provides as follows:
 No partnership or limited liability company shall assume or use the title or designation certified public accountant or the abbreviation C.P.A. or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such partnership or limited liability company is composed of certified public accountants unless such partnership or limited liability company is registered as a partnership of certified public accountants or a limited liability company of certified public accountants under section 1-126 and holds a permit issued under subdivision (1)(c) of section 1-136 which is not revoked or suspended and all of such partnership's or limited liability company's offices in this state for the practice of public accountancy are maintained and registered as required under section 1-135.
In the absence of anything indicating the contrary, statutory language in Nebraska is to be given its plain and ordinary meaning. Application of City of Grand Island,247 Neb. 446, 527 N.W.2d 864 (1995). The first sentence of § 1-152
prohibits a partnership or limited liability company from "assuming" or "using" the title or designation of certified public accountant or C.P.A. To "assume," in turn, can be defined as "to pretend to have; feign." WEBSTER'S NEW WORLD DICTIONARY 84 (2nd college ed. 1982). Consequently, it appears to us that §1-152, read in its ordinary sense, prohibits a partnership or limited liability company from using the designation of certified public accountant or C.P.A. in such a fashion as to "pretend to have" that designation. An example of such a violation would be the use of the title "John Doe, C.P.A." by a person not registered as a C.P.A. In the present instance, however, it does not appear to us that the name "CPA Advisory Services, L.L.C." involves an instance where the limited liability company in question is pretending to have a C.P.A. designation. For that reason, we believe the name is permissible under § 1-152.
While many uses of the term CPA would tend to indicate that a partnership or limited liability company is composed of certified public accountants, we must look at this particular company's use of the abbreviation CPA in context. In our view, when one considers the entire name, "CPA Advisory Services, L.L.C.," one cannot say that it clearly creates an implication that the company is composed of certified public accountants. While it may be better practice to use a term other than CPA in these circumstances, we do not believe that this use of the term constitutes a representation to the public that the company is legally qualified to engage in the practice of public accounting. In addition, our review of the materials which you enclosed with your opinion request reveals that this particular company performs no accounting functions or services for the general public, but rather provides certain financial training and materials to accountants.
We also note that a violation of § 1-152 may result in criminal penalties pursuant to Neb. Rev. Stat. § 1-166 (1997). It is a fundamental principle of statutory construction that penal statutes are to be strictly construed. State v. Jansen,241 Neb. 196, 486 N.W.2d 913 (1992). This lends further support to a relatively narrow interpretation of § 1-152.
For the reasons stated above, we find no statutory violation in this use of the name "CPA Advisory Services, L.L.C."
Sincerely,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved:
Don Stenberg 
Attorney General