STATE OF NEBRASKA, APPELLEE, V.
MANUEL DIAZ, APPELLANT.
670 N.W.2d 794

Filed November 7, 2003.   No. S-02-1153.

Lisa K. Anderson, of Truell, Murray & Maser, P.C., for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE
The district court for Hall County affirmed the decision of the Hall County Court that denied Manuel Diaz' application for

reduction of license suspension. The county court found that Neb. Rev. Stat. § 60-6,211 (Reissue 1998), which purports to allow one in Diaz' position to submit an application to the court for the reduction of a lifetime revocation of a motor vehicle operator's license, is unconstitutional based upon our decision in *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996). Diaz appeals the decision of the district court.

## SCOPE OF REVIEW

■ The constitutionality of a statute is a question of law, and this court is obligated to reach a conclusion independent of the decision reached by the trial court. *Callan v. Balka*, 248 Neb. 469, 536 N.W.2d 47 (1995).

## FACTS

In September 1985, Diaz was arrested and charged under Neb. Rev. Stat. § 39-669.07 (Reissue 1984) for driving under the influence (DUI), third offense. Section 39-669.07 was subsequently transferred, and it can currently be found at Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2002). Diaz was convicted, and in October 1985, the county court for Hall County suspended Diaz' operator's license for life. In the years that followed, Diaz has filed a number of applications in an effort to reduce the suspension.

On February 19, 2002, Diaz filed an application for reduction of license suspension that relied upon § 60-6,211. An identical application was filed on April 2. It was upon this last application that the county court for Hall County declared § 60-6,211 to be unconstitutional, consequently denying Diaz' application.

On appeal to the Hall County District Court, Diaz claimed as his sole assignment of error that the Hall County Court erred in not granting the application for reduction of license suspension. The district court affirmed the decision of the county court. On appeal to this court, Diaz claims that the district court erred in affirming the county court's denial of his application for reduction of license suspension.

Diaz timely filed this appeal and gave notice that the constitutionality of Neb. Rev. Stat. §§ 60-6,209 (Cum. Supp. 2002) and 60-6,211 would be raised. The State filed a petition to bypass the Nebraska Court of Appeals, which we granted based upon our exclusive jurisdiction to decide cases involving the

constitutionality of a statute under Neb. Rev. Stat. § 24-1106(1) (Reissue 1995).

## ASSIGNMENT OF ERROR

Diaz assigns as error that the cumulative effect of §§ 60-6,209 and 60-6,211 violates his right to due process.

## ANALYSIS

The State has framed the sole issue in the case as the constitutionality of § 60-6,211, which provides:

> Any person who prior to April 19, 1986, has had his or her motor vehicle operator's license revoked for life pursuant to section 60-6,196 or 60-6,197 may submit an application to the court for a reduction of such lifetime revocation. The court in its discretion may reduce such revocation to a period of fifteen years.

The briefs submitted by the parties seem to be in agreement that based upon our decision in *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996), § 60-6,211 is unconstitutional. *Bainbridge* examined § 60-6,209 (Reissue 1993), which allowed the court to reduce a 15-year motor vehicle operator's license suspension imposed under § 60-6,196(2)(c) (Reissue 1993). At that time, § 60-6,196(2)(c) provided for a 15-year suspension for drivers who had two DUI convictions. We found license revocation pursuant to § 60-6,196(2)(c) (Reissue 1993) to be a form of punishment. See, also, *State v. Michalski*, 221 Neb. 380, 377 N.W.2d 510 (1985). Relying on the fact that the power of commutation of punishment belongs to the executive branch pursuant to Neb. Const. art. IV, § 13, we held in *Bainbridge* that § 60-6,209 (Reissue 1993) is unconstitutional as a violation of the separation of powers inherent in the Nebraska Constitution.

After *Bainbridge*, § 60-6,209 was amended to comply with the separation of powers inherent in the Nebraska Constitution. Presently, § 60-6,209(1) (Cum. Supp. 2002) allows a person whose license was revoked under § 60-6,196 (Cum. Supp. 2002) for a period of 15 years to request that the Department of Motor Vehicles make a recommendation to the Board of Pardons for reinstatement of his or her operator's license.

In the case at bar, the county court concluded that § 60-6,211 is unconstitutional. Since Diaz relied on § 60-6,211 for the

authority of the county court to reduce his license suspension, the court denied his application. Diaz admits as much in his brief when he states that "[b]ased on the ruling in Bainbridge, the courts today cannot reduce a life-time revocation of a driver's license to a 15 year revocation as allowed in Neb. Rev. Stat. §60-6,211 (Reissue 1993) because the statute is unconstitutional." See brief for appellant at 6. He also admits that he relied on § 60-6,211 as the basis for the reduction of his license suspension.

Diaz argues that he has been caught in a statutory Catch-22. He asserts that his lifetime suspension cannot be reduced to a 15-year suspension pursuant to § 60-6,211 because the statute is unconstitutional. He asserts that as a result, he is not allowed to utilize the amended proceedings outlined under § 60-6,209 because they apply only to one whose license suspension under § 60-6,196 was for a period of 15 years (current maximum suspension for third-offense DUI). For this reason, Diaz now claims that the combination of §§ 60-6,209 and 60-6,211 violates his right to due process of the law.

The first time Diaz raised the issue of a violation of due process was in his brief to this court. This was also the first time that the unconstitutionality of § 60-6,209, as amended, was raised. These issues were not presented to either the county court or the district court, and § 60-6,209 was not mentioned in Diaz' April 2, 2002, application for reduction of license suspension.

We are asked to consider the due process consequences of §§ 60-6,209 and 60-6,211. Since this issue was not raised by either party at the county court or district court level, it is not properly before us. A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *Mason v. City of Lincoln, ante* p. 399, 665 N.W.2d 600 (2003).

Therefore, the only issue remaining is the correctness of the county court's determination that § 60-6,211 is unconstitutional and, as a result, the court's denial of Diaz' application for reduction of license suspension. The constitutionality of a statute is a question of law, and this court is obligated to reach a conclusion independent of the decision reached by the trial court. *Callan v. Balka,* 248 Neb. 469, 536 N.W.2d 47 (1995).

Based upon the reasoning articulated in *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996), we conclude that § 60-6,211 is unconstitutional.

Like the pre-*Bainbridge* § 60-6,209, § 60-6,211 allows the court to commute a license revocation. The only difference between the two statutes is the amount of time involved in the original suspension. The pre-*Bainbridge* § 60-6,209 allowed reduction of a 15-year suspension to the time served upon application to the court after 5 years of the revocation had been served. See *State v. Bainbridge, supra.* Section 60-6,211 allows for the reduction of a lifetime suspension to a period of 15 years. The thrust of both statutes is identical—the commutation of the suspension of a motor vehicle operator's license. Since *Bainbridge* held that such commutation by the judiciary constitutes the improper use of a power reserved for the executive branch, the county court correctly determined that § 60-6,211 is unconstitutional.

## CONCLUSION

Diaz' due process challenge to §§ 60-6,209 and 60-6,211 is not appropriate for appellate review because this issue was not presented to the county court or the district court and was therefore inappropriately raised for the first time upon seeking redress from an appellate court. The county court correctly determined that § 60-6,211 is unconstitutional, and the district court did not err in affirming that determination. The judgment of the district court is affirmed.

AFFIRMED.