STATE OF NEBRASKA, APPELLEE, V.
KENNETH JOHNSON, APPELLANT.
695 N.W.2d 165

Filed March 25, 2005.    No. S-02-1503.

Brett McArthur and Franklin E. Miner for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## NATURE OF CASE

Kenneth Johnson was tried in the district court for Lancaster County for incest and for first degree sexual assault on a child, based on acts allegedly committed against his stepdaughter. He was acquitted by a jury of the first degree sexual assault charge but convicted of incest. Johnson appealed to the Nebraska Court

of Appeals. Included in the issues raised on appeal relative to the incest statute, Neb. Rev. Stat. § 28-703(1) (Reissue 1995), was a consideration of the correct definition of "minor" under the incest statute for acts committed against a stepchild and whether § 28-703 is unconstitutionally vague for failing to define "minor." The Court of Appeals affirmed Johnson's conviction. *State v. Johnson*, 12 Neb. App. 247, 670 N.W.2d 802 (2003). We granted Johnson's petition for further review. We affirm.

## STATEMENT OF FACTS

Johnson and his wife were married in 1991. Johnson's wife had four children from previous relationships, all of whom lived with the couple. Johnson had five children, two of whom lived periodically with the couple. At the time of the marriage, C.K., a stepdaughter of Johnson, was around 10 years old.

Johnson admitted to police that when C.K. was around the age of 17, Johnson and C.K. had sexual contact, and that they had sexual intercourse when C.K. was 18 years old. C.K., however, testified that the contact started at age 12 and that intercourse started a year later and continued until she contacted the police.

On November 30, 2001, Johnson was charged with first degree sexual assault on a child (count I), in violation of Neb. Rev. Stat. § 28-319 (Reissue 1995), and incest (count II), in violation of § 28-703(1). Section 28-703(1) provides, "Any person who shall knowingly intermarry or engage in sexual penetration with any person who falls within the degrees of consanguinity set forth in section 28-702 or any person who engages in sexual penetration with his or her minor stepchild commits incest."

Johnson filed a motion in limine asking the court to exclude the evidence of his statement made to police officers on October 4, 2001. Specifically, Johnson objected to any statement he made regarding sexual contact with the alleged victim when she was 16 years or older. At the hearing, Johnson argued, in part, that any alleged sexual contact with C.K. when she was above the age of consent would not constitute incest and that the statement would be unfairly prejudicial. The court overruled the motion in limine.

The case proceeded to a jury trial. Before the case was submitted to the jury, Johnson objected to jury instruction No. 4 which

stated in relevant part that an element of the charge of incest was that C.K. "was, at the time of the offense, less than nineteen (19) years old." The court overruled the objection and refused to give Johnson's proposed jury instruction No. 4 which would have stated in relevant part that an element of the charge of incest was that C.K. "was, at the time of the offense, less than sixteen (16) years old." The jury found Johnson not guilty of first degree sexual assault on a child but found him guilty of stepchild incest. The court entered judgment in conformity with the jury verdict and sentenced Johnson.

Johnson appealed to the Court of Appeals. He asserted that the district court erred in (1) overruling his motion for directed verdict for the reason that the State failed to make a prima facie showing of all the elements of its case and because the statute upon which the charge was based is unconstitutionally vague; (2) allowing the State to amend the information to include the word "minor" in the charge of incest; (3) overruling his motion for mistrial; (4) refusing to grant him a new arraignment after the information was amended, thereby denying him an opportunity to file a motion to quash; (5) overruling his objection to jury instruction No. 4; and (6) refusing to give his proposed jury instruction in place of jury instruction No. 4. The Court of Appeals rejected each of these assignments of error. *State v. Johnson*, 12 Neb. App. 247, 670 N.W.2d 802 (2003).

With respect to Johnson's claim that § 28-703 was unconstitutional, the Court of Appeals determined that Johnson had not complied with Neb. Ct. R. of Prac. 9E (rev. 2000) and therefore concluded that the claim had not been properly preserved for appellate review. Rule 9E generally provides for the filing of a separate notice challenging the constitutionality of a statute and serving a brief on the Attorney General. The Court of Appeals also rejected Johnson's assertions that the district court erred in giving the State's instruction No. 4 on the definition of "minor," as it pertained to the stepchild incest charge in count II, and in refusing to give Johnson's proposed instruction on the definition of "minor."

The Court of Appeals noted that § 28-703 does not define "minor" and that minors are described as being persons of different ages for different purposes in various Nebraska statutes. The

Court of Appeals concluded that Neb. Rev. Stat. § 43-2101 (Reissue 2004) provided the correct definition of the term "minor" in § 28-703. The Court of Appeals reasoned as follows:

Use of § 43-2101 to define "minor" for purposes of the incest statute, § 28-703, is appropriate because the incest statute is obviously intended to protect the familial structure of both blood relatives and stepfamilies. Minor stepchildren are included in the incest statute because a stepparent and a minor stepchild can have the same relationship as a natural parent has with a natural child. Even if the relationship is not the same, the stepparent is still in a position of power, authority, and dominance vis-a-vis the stepchild.

For parents and natural children, there is no age at which sexual relations become lawful. See § 28-703. In short, the law does not permit consent to such a relationship. However, for the crime of incest in a stepfamily, the stepchild must be a minor, meaning that an adult stepchild can consent to such a relationship. The Legislature apparently recognized that the makeup of a stepfamily may eventually change once a child becomes an adult and that a sexual relationship between an adult stepchild and a stepparent could occur, because it does not have the inherent criminality, danger to offspring, and destructiveness to the entire family that arises when sex occurs between parent and child. It is evident that the Legislature saw incest as a very serious crime and wanted to provide as much protection as possible for stepchildren and their families without denying the fact that the status of stepfamilies may change. While the Legislature did not define "minor" within the incest statute, it is reasonable to assume a legislative intent to provide the maximum degree of protection for stepchildren and their families while recognizing the difference between stepchildren and natural children and to construe the statute accordingly. For a sexual relationship between the latter to truly be consensual, the stepchild, of necessity, must be an adult. Thus, we reject the use of younger ages for minor children as found in other statutes we have listed and hold that for the crime of incest, any stepchild under the age of 19 is a minor. Thus, we hold that § 43-2101

defines "minor" as a person under 19 years of age for purposes of the incest statute, § 28-703.

Further support for § 43-2101 being applicable to the incest statute is found in its location in the statutes. Even though § 43-2101 is not contained in the criminal code, it is in the chapter entitled "Infants and Juveniles," and it is well known that the juvenile code has as its overriding concern the child's best interests. That chapter also provides the definition of stepparent that is applicable to the incest statute. See Judiciary Committee Hearing, L.B. 89, 89th Leg., 1st Sess. 43 (Jan. 30, 1985). It is appropriate for the term "minor" to be defined as under the age of 19 for purposes of the incest statute, as it is in the child's best interests to be protected from incest by a stepparent until adulthood.

*State v. Johnson*, 12 Neb. App. 247, 259-60, 670 N.W.2d 802, 813 (2003).

The Court of Appeals therefore concluded that the instruction given by the district court correctly stated the law and that the instruction proposed by Johnson did not correctly state the law. The Court of Appeals rejected all of Johnson's remaining assignments of error and affirmed his conviction. We granted Johnson's petition for further review.

## ASSIGNMENTS OF ERROR

Johnson asserts that the Court of Appeals erred in rejecting his arguments that the district court had erred in (1) overruling his motion for directed verdict for the reason that the State failed to make a prima facie showing of all the elements of its case and for the further reason that § 28-703, the statute upon which the charge was based, is unconstitutionally vague; (2) allowing the State to amend the information; (3) overruling his motion for mistrial; (4) refusing to grant him a new arraignment after the information was amended; (5) overruling his objection to jury instruction No. 4; and (6) refusing to give his proposed jury instruction.

## STANDARD OF REVIEW

■ Interpretation of a statute presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Aguilar*, 268 Neb. 411, 683 N.W.2d 349 (2004).

## ANALYSIS

*Constitutionality of § 28-703.*

We first consider Johnson's assertion that § 28-703 is unconstitutionally vague in its description of the offense of stepchild incest. We conclude that the constitutional issue has not been preserved for appeal, and we therefore make no determination whether or not the statute is unconstitutionally vague.

The Court of Appeals held that Johnson's claim that § 28-703 is unconstitutionally vague was not properly preserved for appellate review. *Johnson, supra.* The Court of Appeals stated:

> It has been established that the Nebraska Supreme Court insists upon strict compliance with Neb. Ct. R. of Prac. 9E (rev. 2000) before it will consider a constitutional challenge. [Citations omitted.] Johnson did not comply with rule 9E, which requires that when filing a brief, a party alleging unconstitutionality of a federal or state statute must file and serve a separate written notice of the challenge to the statute with the Clerk of the Supreme Court. Additionally, the Attorney General must be served a copy of the brief assigning unconstitutionality within 5 days of the filing of the brief with the Clerk of the Supreme Court. Johnson did not comply with either of these requirements of rule 9E.

12 Neb. App. at 253, 670 N.W.2d at 809.

We have held that rule 9E is applicable to a criminal defendant challenging the constitutionality of the statute defining the offense with which he or she was charged. *State v. Feiling*, 255 Neb. 427, 585 N.W.2d 456 (1998); *State v. Kelley*, 249 Neb. 99, 541 N.W.2d 645 (1996). See also, *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). We have also insisted on strict compliance with the requirements of rule 9E. *Feiling, supra*; *McDowell, supra.*

We note that rule 9E requires the filing of "a *separate* written notice" to the Supreme Court Clerk that the appeal involves an issue of constitutionality of a statute as well as service of the brief on the Attorney General. We think that compliance with rule 9E requires "a *separate* written notice" to the Supreme Court Clerk and that such notice ordinarily ought not to be contained in a filing that has as its main purpose something other than giving notice to the clerk that constitutionality of a statute is at issue.

As set forth in the separate opinion in this case, some members of this court would find that Johnson in effect complied with rule 9E because he filed a "Petition to Bypass," in which he stated that in his appeal, he claimed the statute under which he was convicted was unconstitutionally vague. Although we have not insisted on rule 9E compliance where we have granted a petition to bypass for the explicit purpose of analyzing the constitutionality of a statute, we note that the petition to bypass in this case was denied and that therefore, the separate written notice requirement ought not to be forgiven.

We further observe that when the issue of the constitutionality of a statute is merely contained in an ordinary pleading, the Supreme Court Clerk is not put on notice that the case should be specially processed. We note that Neb. Const. art. V, § 2, requires that the "judges of the Supreme Court, sitting without division, shall hear and determine all cases involving the constitutionality of a statute" and that "[n]o legislative act shall be held unconstitutional except by the concurrence of five judges." The rule 9E notice to the Supreme Court Clerk assists the clerk and this court in ensuring that an appeal involving the constitutionality of a statute is heard by the full court. As the separate opinion notes and we acknowledge, the second requirement of rule 9E, that a copy of the brief be served on the Attorney General, has been met in this case. However, we would determine that Johnson failed to comply with rule 9E.

We further note that it is undisputed that at the trial level, Johnson filed neither a motion to quash nor a demurrer challenging the constitutionality of § 28-703. A claim that a statute fails to define a criminal offense with sufficient definiteness to put ordinary people on notice of the prohibited conduct is a facial challenge to the constitutionality of the statute. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004); *State v. Hookstra*, 263 Neb. 116, 638 N.W.2d 829 (2002) (challenge to statute, asserting that no valid application exists, is facial challenge); *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). We have recently clarified that a facial challenge to a presumptively valid criminal statute does not raise an issue of subject matter jurisdiction in a criminal prosecution and thus may be waived if not timely asserted. See *Thomas, supra.* "This court has repeatedly held that in order to

bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash or a demurrer." *State v. Kanarick*, 257 Neb. 358, 362, 598 N.W.2d 430, 433 (1999). Absent plain error, the failure to do so waives the right to assert the constitutional challenge on appeal. *Thomas, supra.*

As set forth in a separate opinion, some members of this court would rule that because Johnson's conviction was based on § 28-703 and because this appeal cannot be fairly resolved without interpretation of § 28-703, the constitutionality of § 28-703 must be considered despite Johnson's failure to file a motion to quash or a demurrer challenging the statute. They cite to *State v. Goodseal*, 186 Neb. 359, 368, 183 N.W.2d 258, 263-64 (1971), in which this court stated that "where the invalidity of the act is plain, and such a determination is necessary to a reasonable and sensible disposition of the issues presented, we are required by necessity to notice the plain error in the premise on which the case was tried." Although we share some of the concerns expressed in the separate opinion, we would not invoke the *Goodseal* rationale because the Court of Appeals' opinion demonstrates that the issues in this appeal can be resolved without addressing the constitutionality of § 28-703 and, more important, the invalidity of § 28-703 is not plainly evident. See *Goodseal, supra* (Spencer and Boslaugh, JJ., dissenting).

We have set forth well-recognized principles of statutory interpretation providing the framework within which the constitutionality of a statute is considered. " 'It is well established that all reasonable intendments must be indulged to support the constitutionality of legislative acts . . . .' " *State v. Ruzicka*, 218 Neb. 594, 597, 357 N.W.2d 457, 461 (1984). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *State v. Worm*, 268 Neb. 74, 680 N.W.2d 151 (2004). A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. *State v. Hynek*, 263 Neb. 310, 640 N.W.2d 1 (2002). "When a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted." *Hookstra*, 263 Neb. at 124, 638 N.W.2d at 836. The unconstitutionality of a statute must be clearly established before

a court may declare it void. *State v. Spady*, 264 Neb. 99, 645 N.W.2d 539 (2002). " 'The courts will not declare an act of the Legislature unconstitutional except as a last resort on the facts before the court.' " *Goodseal*, 186 Neb. at 369, 183 N.W.2d at 264 (Spencer and Boslaugh, JJ., dissenting), quoting *Stanton v. Mattson*, 175 Neb. 767, 123 N.W.2d 844 (1963).

Given this strong presumption of constitutionality, we cannot say that § 28-703 is plainly invalid. The fact that reasonable arguments can be made does not make a statute's unconstitutionality plainly evident, *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993), and a statute is not vague merely because a reviewing court believes the Legislature could have drafted it with greater precision, *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). Rather, the void-for-vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its applications. *Caddy, supra*. This is not a case in which the Legislature has failed to supply a material element; rather, it is a case in which the Legislature has failed to specifically define a term.

In our consideration of § 28-703, we note that there is weighty precedent which suggests that § 28-703 is not unconstitutionally vague for failing to specifically define "minor." The U.S. Supreme Court in *Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990), reviewed *State v. Young*, 37 Ohio St. 3d 249, 525 N.E.2d 1363 (1988), in which the Ohio Supreme Court applied the plain meaning of the term "minor" as being a person under the age of majority and then looked to the general civil statute specifying the age of majority. Although reversing the defendant's conviction on other grounds, the U.S. Supreme Court found no merit in the defendant's claim that the Ohio Supreme Court's resorting to Ohio Rev. Code Ann. § 3109.01 (Anderson 1989) could not save the statute from his vagueness claim. *Osborne, supra*.

The separate opinion concludes that although the reasoning in cases such as *Young, supra*, "may have merit, [the reasoning] is not applicable" as "the Nebraska statutes contain several provisions that define the term 'minor' for specific purposes." However, a statutory pattern similar to that in Nebraska existed in Ohio at the time that *Young* was decided. See, § 3109.01 (defining age of

majority as. 18); Ohio Rev. Code Ann. § 2907.04(A) (Anderson 1987) (criminalizing adult's sexual conduct with person over 12 but under 15); Ohio Rev. Code Ann. § 2907.05(A)(3) (Anderson 1987) (criminalizing gross sexual imposition of person less than 13); Ohio Rev. Code Ann. § 2907.21(A)(2) (Anderson 1987) (criminalizing, inducing, or procuring minor under 16 to engage in sexual activity for hire).

We further note that various other courts have rejected vagueness challenges to penal statutes that fail to define the term "minor" when the meaning can be determined by reference to other statutes or to common law. See, *State v. Ehlers*, 252 Conn. 579, 750 A.2d 1079 (2000) (child pornography criminal statute not vague for failing to define "minor"; definition of "minor" as under age 16 could be found in closely related criminal statutes); *State v. Duggar*, 806 S.W.2d 407 (Mo. 1991) (statute making it crime to fail to support minor not vague for failing to define "minor"; common-law understanding was· that 21 was age of majority); *State v. Jackson*, 280 N.C. 563, 187 S.E.2d 27 (1972) (statute criminalizing sale of narcotics to minor not vague for failing to define "minor"; common-law definition of "minor" as under age 21 applies to statute); *People v. Vassar*, 207 Cal. App. 2d 318, 24 Cal. Rptr. 481 (1962) (statute criminalizing furnishing narcotics to minor not vague for failure to define "minor"; definition of "minor" as under age 21 contained in civil code may be used to define "minor"). Both the reasoning set forth above and the reasoning set forth in the separate opinion present rational arguments supporting the respective views as to whether § 28-703 is unconstitutionally vague. Having come to such determination, we are unable to conclude that the unconstitutionality of § 28-703 is "plainly evident." Without deciding whether the statute is or is not unconstitutionally vague, we conclude that because the invalidity of the statute is not plainly evident, we cannot, under the standard set out in *State v. Goodseal*, 186 Neb. 359, 183 N.W.2d 258 (1971), consider the constitutionality of the statute where the defendant has failed to properly preserve the issue for appeal.

We note that the separate opinion concluding that § 28-703 is unconstitutionally vague sets forth the opinion of four of the seven members of this court. Despite the fact that this number is

a majority of the court which would normally control the outcome of a case, article V, § 2, of the Nebraska Constitution provides that "[n]o legislative act shall be held unconstitutional except by the concurrence of five judges." Therefore, our opinion that the constitutionality of the statute cannot be considered in this appeal controls the outcome of this case. We therefore will proceed to consider Johnson's other assignments of error on further review.

### Definition of "Minor" Under § 28-703.

Johnson asserts that the Court of Appeals erred in concluding that "minor" as used in § 28-703 means a person under 19 years of age. The Court of Appeals determined that such definition was appropriate by reference to § 43-2101, and it therefore concluded that the district court did not err when it instructed the jury that an element of the charge of incest was that Johnson's stepdaughter "was, at the time of the offense, less than nineteen (19) years old." Although we use different reasoning than that used by the Court of Appeals, we agree that the district court did not err in so instructing the jury.

In concluding that § 43-2101 provides the correct definition of the term "minor" under § 28-703, the Court of Appeals reasoned that the incest statute, § 28-703, "is obviously intended to protect the familial structure of both blood relatives and stepfamilies" and that § 43-2101 is part of the juvenile code which "has as its overriding concern the child's best interests." *State v. Johnson*, 12 Neb. App. 247, 259, 260, 670 N.W.2d 802, 813 (2003). The Court of Appeals also noted that the juvenile code "provides the definition of stepparent that is applicable to the incest statute." *Id.* at 260, 670 N.W.2d at 813. Because the two statutes had similar goals and dealt with similar subject matter, the Court of Appeals concluded that the definition of "minor" in § 43-2101 was the proper definition of "minor" in § 28-703.

We think that a more straightforward construction of § 28-703 would follow the reasoning approved by the U.S. Supreme Court and initially articulated by the Ohio Supreme Court in *State v. Young*, 37 Ohio St. 3d 249, 525 N.E.2d 1363 (1988), *reversed in part on other grounds sub nom. Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990). In *Young*, defendants in

two separate cases were convicted for possession of child pornography under Ohio Rev. Code Ann. § 2907.323(A)(3) (Anderson 1987), which provided that no person shall "[p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity . . . ." The defendants asserted, among other things, that § 2907.323(A)(3) was unconstitutionally vague because the term "minor" was not defined. They argued that in using only the word "minor" without elaboration, the statute failed to limit its proscription to conduct involving children below a specified numeric age. The Ohio Supreme Court rejected the defendants' argument, concluding that while the statute did not define "minor," the omission was not fatal. The Ohio Supreme Court reasoned:

> Any term which is not defined by a statute is accorded its common ordinary meaning. [Citation omitted.] We encounter no difficulty in finding the term "minor" to be generally understood as signifying a person who has not yet attained the age of majority. See Webster's Third New International Dictionary, Unabridged (1986) 1439. The age of majority in Ohio is eighteen. R.C. 3109.01. Therefore, the term "minor," as employed in R.C. 2907.323(A)(3), connotes a person under eighteen years of age.

37 Ohio St. 3d at 252, 525 N.E.2d at 1368.

We have stated that "[s]tatutory language is to be given its plain and ordinary meaning . . . ." *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 41, 680 N.W.2d 142, 149-50 (2004). Like the Ohio Supreme Court in *Young*, we believe that the plain and ordinary meaning of the term "minor" is "generally understood as signifying a person who has not yet attained the age of majority." The statute used by the Ohio Supreme Court in *Young* to define "minor" for purposes of § 2907.323 was § 3109.01, the Ohio statute generally defining the age of majority in that state. Nebraska's § 43-2101 is titled "Persons declared minors; marriage, effect" and is located in chapter 43, article 21, of the Nebraska Revised Statutes, which article is titled "Age of Majority." The plain and ordinary meaning of the term "minor" is a person who has not reached the age of majority, *Young, supra*, and in Nebraska, the age of majority is defined by § 43-2101 as age 19.

While we acknowledge that various other Nebraska statutes refer to "minor" as a person under an age other than 19, we think it is significant that § 43-2101 makes a general statement that "[a]ll persons under nineteen years of age are declared to be minors . . ." and does not limit its application to a specific section of the statutes. In contrast to § 43-2101, other statutes giving a different definition of "minor" do not purport to declare who is a "minor" as a general matter, and they imply or explicitly state that the definition of "minor" provided therein is for the purpose of a specific section of the statutes. See, Neb. Rev. Stat. § 53-103(23) (Supp. 2003) (stating that for purposes of Nebraska Liquor Control Act, minor means any person under 21 years of age, regardless of marital status); Neb. Rev. Stat. § 25-508.01(2) (Reissue 1995) (prescribing method of personal service for any person under 14 years of age and referring to such person as "minor," but does not purport to declare "minor" for other purposes); Neb. Rev. Stat. § 28-443 (Reissue 1995) (statute is titled "Delivery of drug paraphernalia to a minor; penalty" and proscribes delivery to a person under 18 years of age who is at least 3 years younger than actor, but does not purport to declare "minor" for other purposes); Neb. Rev. Stat. § 28-805 (Reissue 1995) (describing offense of "debauching a minor" as act involving a boy or girl under age of 17, but does not purport to declare "minor" for other purposes); Neb. Rev. Stat. § 28-1418 (Reissue 1995) (proscribing use of tobacco by person "being a minor under the age of eighteen years," but does not purport to declare "minor" for other purposes).

We think it is a proper reading of the Nebraska Revised Statutes that § 43-2101 sets the age of majority and that, except where a statute references a specific age, § 43-2101 defines "minor" for general purposes. Where the word "minor" is used elsewhere in the statutes without further definition, it may be presumed to have the general meaning declared under § 43-2101. Where the Legislature wishes to provide a different definition or wishes to proscribe conduct based on an age other than the age of majority, the Legislature will explicitly do so, as it has done in the statutes cited above.

Because our analysis leads us to determine that the proper definition of "minor" for purposes of § 28-703 is that provided in

§ 43-2101, we conclude that the Court of Appeals did not err in construing "minor" under § 28-703 to have the same meaning and in concluding that the district court did not err in instructing the jury as such.

*Other Assignments of Error.*

We have reviewed Johnson's remaining assignments of error, and we find no merit to such assignments. We therefore affirm the decision of the Court of Appeals.

## CONCLUSION

We conclude that Johnson did not properly preserve the issue of the constitutionality of § 28-703 and that because the alleged invalidity of § 28-703 is not "plainly evident," we cannot consider the issue in this appeal. We further conclude that the Court of Appeals did not err in concluding that the proper definition of "minor" as used in § 28-703 is that provided in § 43-2101 and that the district court did not err in so instructing the jury. Having rejected Johnson's remaining assignments of error on further review, we affirm the Court of Appeals' decision affirming Johnson's conviction.

AFFIRMED.

GERRARD, J., dissenting.

The defendant argues the offense of stepchild incest under Neb. Rev. Stat. § 28-703 (Reissue 1995) is unconstitutionally vague and therefore violates the due process provisions of the U.S. Constitution and the Nebraska Constitution, because it prohibits incest with a "minor" stepchild but does not define "minor." I agree, as does a majority of this court. But the opinion of this court does not decide whether § 28-703 is unconstitutionally vague, based on the court's conclusion that the statute's unconstitutionality is not "plainly evident." Because this issue involves the constitutionality of a statute, the opinion of three judges of this court disposes of the appeal. However, I respectfully disagree with the court's reasoning, in both the interpretation of the plain error doctrine and the discussion on the constitutionality of § 28-703. Therefore, I respectfully dissent.

## PLAIN ERROR

The Court of Appeals found that Johnson's claim that § 28-703 is unconstitutionally vague had not been properly preserved for

appellate review in this case, stating that Johnson did not comply with Neb. Ct. R. of Prac. 9E (rev. 2000) because he did not file and serve a separate written notice of the challenge to the statute and because he did not serve a copy of the brief assigning unconstitutionality on the Attorney General. The opinion of the court endorses that conclusion. However, on the same date that Johnson filed his appellate brief, he filed a "Petition to Bypass" with the Supreme Court Clerk's office, which stated, in relevant part, that "[f]or his appeal, Appellant has alleged that the statute under which he was convicted in [sic] unconstitutionally vague." Furthermore, rule 9E requires only that the Attorney General be served with a copy of the brief "[i]f the Attorney General is not already a party to an action where the constitutionality of the statute is in issue . . . ." In a criminal proceeding, the Attorney General, as the representative of the State of Nebraska, is a party to the proceeding. See Neb. Rev. Stat. § 84-205 (Cum. Supp. 2004). Beyond that, on the last page of Johnson's appellate brief, his counsel certifies that two copies of the brief were delivered to the Attorney General on the same date that the brief was filed with the Supreme Court Clerk's office. This suffices, by statute, as proof of service. See Neb. Rev. Stat. § 25-534 (Reissue 1995).

In short, I disagree with the Nebraska Court of Appeals' conclusion that Johnson failed to follow the requirements of rule 9E and obviously disagree with this court's endorsement of that conclusion. However, the State also argues that Johnson waived the issue of the constitutionality of § 28-703 because his counsel during pretrial proceedings, who was not his counsel at trial or on appeal, failed to file a motion to quash or a demurrer to either the original or amended information. See State v. Kanarick, 257 Neb. 358, 598 N.W.2d 430 (1999). Because I agree that Johnson should have raised his constitutional claim in a motion to quash, I also agree that consideration of that constitutional claim requires the court to find plain error.

But because Johnson's conviction was based on § 28-703 and because this appeal cannot be resolved without interpretation of § 28-703, the constitutionality of § 28-703 should be considered despite Johnson's procedural failures. This court has stated that "where the invalidity of the act is plain, and such a determination is necessary to a reasonable and sensible disposition of the issues

presented, we are required by necessity to notice the plain error in the premise on which the case was tried." *State v. Goodseal*, 186 Neb. 359, 368, 183 N.W.2d 258, 263-64 (1971). Because the assignments of error in this appeal require interpretation of § 28-703, the court cannot reach a sound and reasonable disposition of this appeal without confronting the constitutionality of the stepchild incest statute—i.e., whether the meaning of § 28-703 *can be* reasonably determined.

In other words, the court cannot resolve the arguments Johnson has preserved for appellate review without, at least implicitly, resolving those that he arguably did not. The court should not permit the mistakes of counsel to force it into making a determination that inevitably results from attempting to discern the meaning of statutory language that defies meaningful definition. In my opinion, the court's "interpretation" of § 28-703 does what the Due Process Clause was intended to prevent—it retroactively purports to give validity to a statute that, without the court's interpretation, is effectively meaningless.

The court avoids discussing the due process issue by stating that "the issues in this appeal can be resolved without *addressing* the constitutionality of § 28-703." (Emphasis supplied.) This is true, but the question is whether the issues *should* be resolved without addressing the constitutionality issue. The problem is that the resolution of the issues in this appeal *implicates* the constitutionality of § 28-703, regardless of whether it is openly addressed. It is simply not possible to construe a statute yet avoid determining whether the statute is capable of meaningful construction in the first instance. That the court includes a significant amount of discussion regarding the vagueness of § 28-703 provides some indication of how much the constitutional issue is a necessary concomitant to the other issues presented in this appeal.

The opinion of the court further concludes that the plain error doctrine is not satisfied in this case because the error is not "plainly evident from the record." See *State v. Mata*, 266 Neb. 668, 699, 668 N.W.2d 448, 477 (2003), *cert. denied* 543 U.S. 1128, 125 S. Ct. 1088, 160 L. Ed. 2d 1081 (2005). For reasons I will explain below, I respectfully disagree. But my initial dispute with the court's reasoning is that it is mistaken to invoke that proposition at all, because the constitutional issue the court is called

upon to decide is a necessary and intrinsic part of its analysis of § 28-703, regardless of whether the error is plainly evident from the record. See *State v. Goodseal, supra.* "The Nebraska Supreme Court will not pass upon the constitutionality of legislation *absent a need to do so in order to properly dispose of an action."* (Emphasis supplied.) *State v. VanAckeren,* 263 Neb. 222, 229-30, 639 N.W.2d 112, 118 (2002). Consideration of plain error occurs at the discretion of an appellate court. *State v. Al-Zubaidy,* 257 Neb. 935, 602 N.W.2d 8 (1999). In my opinion, the court should exercise that discretion under these circumstances.

Beyond that, however, the court has conflated the plainness of error, and the degree of prejudice sustained by the defendant, with the difficulty of the legal question presented. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Bartholomew,* 258 Neb. 174, 602 N.W.2d 510 (1999). The court concludes that the error in this case was not "plainly evident" because statutes are presumably constitutional, and there is a rational argument supporting the constitutionality of § 28-703. The court seems to be saying that for error to be plain, it must be indisputable. But the foregoing standard for plain error does not say that. Instead, it refers to error "plainly evident *from the record."* (Emphasis supplied.) See *State v. Bartholomew,* 258 Neb. at 180, 602 N.W.2d at 514. In other words, the record must plainly demonstrate that the error occurred. It is not required that the legal issue before the court be an easy one to decide. Whether error is plainly evident cannot be dependent on the mental exertion necessary for a judge to decide the issue.

. The constitutionality of a statute is a question of law, and the Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *State v. Diaz,* 266 Neb. 966, 670 N.W.2d 794 (2003). While I agree that Johnson should have raised his constitutional claim with a timely motion to quash, see *State v. Kanarick,* 257 Neb. 358, 598 N.W.2d 430 (1999), it is worth noting that Johnson did make his constitutional argument, albeit belatedly, in the trial court and that the trial court ruled on his motion. We have said that generally, a constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. See *State v. Diaz, supra.* While

Johnson's motion was untimely, he nonetheless made a record of his constitutional objection in the trial court, the parties were heard on the matter, and the trial court ruled on the objection. Moreover, whether a statute is unconstitutionally vague is determined from the language of the statute, which is obviously available to this court.

When a vagueness argument under the Due Process Clause is raised, the constitutionality or unconstitutionality of the statute is plainly evident one way or the other. Either a statute is unconstitutional or it is not—there is no middle ground. Whether § 28-703 is unconstitutional is a straightforward question of law that is as "plainly evident" in this case as it would be in any other.

## VOID-FOR-VAGUENESS DOCTRINE

The void-for-vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its applications. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001), citing *United States v. Lanier*, 520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997). A statute is vague if its prohibitions are not clearly defined. *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984).

Due process of law requires that criminal statutes be clear and definite. *State v. Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991). A crime must be defined with sufficient definiteness and there must be ascertainable standards of guilt to inform those subject to the statute as to what conduct will render them liable to punishment, and the dividing line between what is lawful and unlawful cannot be left to conjecture. *Id.* A crime and its elements must be so clearly expressed that an ordinary person can intelligently choose in advance what course of conduct he or she may lawfully pursue. *Robotham v. State*, 241 Neb. 379, 488 N.W.2d 533 (1992).

The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited. *State v. Faber*, 264 Neb. 198, 647 N.W.2d 67 (2002). Because § 28-703 does not define "minor," it does not define the crime of incest with a stepchild with sufficient definiteness that ordinary people can be certain what conduct is prohibited. As Johnson notes, Nebraska

statutes, including criminal statutes, give varying definitions of when a person is a "minor." The Court of Appeals recognized that

> [t]he age of majority is set at different ages for different purposes. See, e.g., Neb. Rev. Stat. § 25-508.01 (Reissue 1995) (for purposes of personal service, minor is person under 14 years of age); Neb. Rev. Stat. § 28-443 (Reissue 1995) (in regard to prohibition of delivery of drug paraphernalia to minor, minor is person under 18 years of age who is at least 3 years younger than actor); Neb. Rev. Stat. § 28-805 (Reissue 1995) (debauching minor prohibits non-minor from debauching morals of boy or girl under age of 17); Neb. Rev. Stat. § 28-1418 (Reissue 1995) (prohibiting use of tobacco by minor under age of 18); Neb. Rev. Stat. § 53-103(23) (Cum. Supp. 2002) (for purposes of Nebraska Liquor Control Act, minor means any person under 21 years of age, regardless of marital status).

*State v. Johnson*, 12 Neb. App. 247, 257-58, 670 N.W.2d 802, 812 (2003). Despite this multitude of definitions, the Court of Appeals concluded that Neb. Rev. Stat. § 43-2101 (Reissue 2004), which defines "minor" generally as a person under 19 years of age, defined "minor" for purposes of § 28-703. The opinion of the court endorses that conclusion, although that conclusion does not command a majority of this court.

Because of the varying definitions of "minor" in Nebraska statutes, I do not believe that the use of the word "minor" in § 28-703 was sufficiently definite to give the ordinary person notice of whether sexual conduct involving a stepchild between the ages of 16 and 19 was prohibited. Although the Court of Appeals and the opinion of the court have articulated plausible reasons to choose the definition provided in § 43-2101, there is nothing in § 28-703 or elsewhere that would alert the ordinary person that such was the definition of "minor" for purposes of § 28-703. Indeed, the Court of Appeals and the opinion of the court could have used the definition from one of the criminal statutes, such as Neb. Rev. Stat. § 28-805 (Reissue 1995) (debauching or depraving morals of minor, defined as under age 17) or Neb. Rev. Stat. § 28-319(1) (Reissue 1995) (criminalizing adult's sexual conduct when actor is age 19 or older and victim is under age of 16), and stated reasons for such a selection that would have been just as persuasive

as the reasons they have given for selecting the definition from § 43-2101.

The Court of Appeals relied, in interpreting § 28-703, upon the familiar proposition that in reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. See *State v. Aguilar*, 268 Neb. 411, 683 N.W.2d 349 (2004). However, the issue in this appeal is not what the Legislature may have intended to do—rather, the issue is whether the Legislature's intent, whatever it may have been, was successfully translated into a statute that effectively defined the line between lawful and unlawful conduct.

But beyond that, other familiar maxims of statutory interpretation support contrary conclusions. The Court of Appeals cited the proposition that

> " ' "[an appellate court], in construing a statute, looks to the objects to be accomplished, the evils and mischief sought to be remedied, or the purposes to be served, and places upon the statute a *reasonable or liberal construction* which will best effect its purpose rather than one which will defeat it. . . ." ' "

(Emphasis supplied.) *State v. Johnson*, 12 Neb. App. at 258, 670 N.W.2d at 812-13. Accord, e.g., *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004). But it is also a fundamental principle of statutory construction that penal statutes are to be *strictly construed* in favor of the defendant, and it is well understood that it is not for the courts to supply missing words or sentences to make clear that which is indefinite, or to supply that which is not there. See, *State v. Hochstein and Anderson*, 262 Neb. 311, 632 N.W.2d 273 (2001); *State v. Jansen*, 241 Neb. 196, 486 N.W.2d 913 (1992). Simply stated, § 28-703 is meaningless unless a definition of the word "minor" is imported from another statute, and our familiar maxims of statutory interpretation are of little assistance in determining which definition, if any, is to be applied. But more to the point, § 28-703 provides nothing that would suffice to inform the ordinary citizen which definition was applicable.

I recognize that difficulty in determining the meaning of the language of a statute does not automatically render it unconstitutionally vague and ambiguous. See *State v. Sodders*, 208 Neb.

504, 304 N.W.2d 62 (1981). But when a court could reasonably give conflicting definitions to a term used in a penal statute, the statute does not give an ordinary citizen adequate notice of prohibited conduct because the citizen cannot know which definition the court will choose. While this court could authoritatively articulate a meaning for § 28-703, that determination could not be applied retroactively, as the opinion of the court would hold, unless such application provided fair warning to the defendant. See *State v. Ehlers*, 252 Conn. 579, 750 A.2d 1079 (2000), citing *Dombrowski v. Pfister*, 380 U.S. 479, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965). All crimes in Nebraska are statutory in nature, *State v. White*, 256 Neb. 536, 590 N.W.2d 863 (1999), and Nebraska's statutory scheme has not provided fair warning to the defendant of what conduct is prohibited under § 28-703.

I am aware, as noted by the opinion of the court, that courts in other jurisdictions have concluded that the failure to define the word "minor," under the respective statutory schemes presented in those cases, did not render those statutes unconstitutionally vague. See, *State v. Duggar*, 806 S.W.2d 407 (Mo. 1991) (en banc); *State v. Young*, 37 Ohio. St. 3d 249, 525 N.E.2d 1363 (1988), *reversed in part on other grounds sub nom. Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990); *State v. Jackson*, 280 N.C. 563, 187 S.E.2d 27 (1972); *People v. Vassar*, 207 Cal. App. 2d 318, 24 Cal. Rptr. 481 (1962). However, those conclusions are not persuasive in the instant case.

In each of those cases, the court found that the term "minor" could be defined by reference either to the common law, as in *Duggar* and *Jackson*, or to a civil statute that the court determined to be of general application, as in *Young* and *Vassar*. While that reasoning may have merit, it is not applicable to the circumstances of this case. As previously noted, the Nebraska statutes contain several provisions that define the term "minor" for specific purposes. While the court argues, as did the Court of Appeals, that § 43-2101 provides an applicable definition, I am not persuaded, for the reasons previously explained, that the ordinary citizen would have had sufficient reason to expect that definition, as opposed to any other, to be lifted from another chapter of the Nebraska Revised Statutes and used to provide clarity to an otherwise indefinite penal statute.

Because we assume that people are free to steer between lawful and unlawful conduct, we insist that laws give people of ordinary intelligence a reasonable opportunity to know what is prohibited, so that they may act accordingly. See *State v. Frey*, 218 Neb. 558, 357 N.W.2d 216 (1984), citing *Grayned v. City of Rockford*, 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). Section 28-703, however, contains no definition for a critical term and provides no indication what definition, if any, is to be applicable. It does not meet the requirements of due process and is unconstitutionally vague. Johnson's conviction, pursuant to an unconstitutionally vague statute, was plain error.

## CONCLUSION

I would conclude that the portion of § 28-703 dealing with conduct involving a minor stepchild is unconstitutionally vague because it does not define "minor" and that this error is plainly evident from the record. Consequently, I would reverse the judgment of the Court of Appeals and remand the cause with directions to reverse Johnson's conviction and sentence. Having determined that § 28-703 is unconstitutional, I would not reach Johnson's remaining assignments of error.

WRIGHT, CONNOLLY, and McCORMACK, JJ., join in this dissent.